## JABEZ SWAN *against* RUFUS WHEELER.

WRIT of error.

*Rufus Wheeler*, describing himself as a son and heir at law of *Sheppard Wheeler*, deceased, appealed from several orders and decrees of the court of probate, viz.

An appeal was taken from several distinct decrees of probate, and reasons assigned for the disaffirmance of part only; the respondent demurred to those reasons, and the court rendered judgment in these words: "On consideration of the said appeal from probate, this court disaffirm said judgment of said court of probate." Held that this judgment was erroneous not only as being informal, but as being too general and extensive.

A court of probate cannot legally appoint any other person than the administrator to sell the real estate of the intestate.

And if a sale be made by a stranger pursuant to a decree of probate, his account for commissions and expenses cannot be allowed.

An administrator's account consisting of a sum in gross, without items or explanation, cannot be allowed.

In an appeal from probate it must appear that the appellant is a party interested; but the proper place to aver such interest is not in the assignment of reasons before the superior court, but in the motion for appeal before the court of probate.

1. The decree of *December* 26th, 1798, appointing commissioners.

2. That of *March* 4th, 1800, accepting their report.

3. That of *March* 7th, 1800, ordering the sale of real estate, and appointing *John Denison*, who was not the administrator, to sell the same.

4. That of *April* 8th, 1800, approving the sale, and allowing the account of expenses of sale, and the administrator's account.

The appellant, in prosecuting his appeal in the superior court, abandoned so much of his appeal as related to the two first decrees. The reasons for disaffirming the other decrees were thus assigned.

1. That the court of probate appointed *John Denison*, who was not administrator, to sell the real estate of the deceased sufficient to raise the sum of 1,900*l.* lawful money; whereas, by law, no order to sell said estate could be made to any other person than the administrator.

2. That the court of probate, in the settlement of said estate, allowed the account of said *John Denison*, amounting to the sum of 20*l.* 14*s.* 6*d.* lawful money, for charges and commissions in selling said estate; whereas, by law, no such account ought to be allowed.

3. That the court of probate, in settling said estate, and the administrator's account, allowed the sum of 70*l.* 11*s.* expressed in the following words, *viz.* " Cash and fees, as *per* bill, 70*l.* 11*s.*" without a specification of the items of which the account consisted.

To the reasons so assigned the respondent demurred; the appellant joined in demurrer; and the superior court thereupon rendered judgment in these words: " On consideration of the said appeal from probate, this court disaffirm said judgment of said court of probate."

*Hosmer* and *Law*, for the plaintiff in error, contended that the judgment was erroneous.

1. Because it was incorrect in point of form.

2. Because the reasons assigned by the appellant were insufficient.

3. Because it did not appear that the appellant had any *interest* in the subject of appeal, sufficient to entitle him to prosecute his appeal in the superior court.

*Goddard*, for the defendant in error.

BALDWIN, J. That this judgment is extremely informal is obvious. No answer is given to the question of law put to the court, on the sufficiency of the reasons for the appeal; and no ground whatever is assigned as a basis for the judgment. How far the mere mistake of a clerk in point of form only would affect a judgment on the merits in other respects correct, it is not necessary now to decide. Such a case is not before us; for it is evident, that the effect of this judgment extends much further than the record will warrant. By the judgment of the superior court, the judgment of the court of probate is disaffirmed to the extent of the whole subject matter of this appeal; and yet no reasons are assigned, nor does any cause appear, to show that the judgment of that court, so far as respects the appointment of commissioners, and the acceptance of their report, was not correct. And so long as this judgment of the superior court remains in force, those decrees are of no effect. This mistake cannot be considered a mistake in form merely, but is a matter of substance. I am therefore of opinion, that there is manifest error in this record, and that the judgment of the superior court ought to be reversed.

I might stop here; but as counsel have been fully heard on the reasons assigned for the appeal, and the cause may be remanded, I think it is proper that the court should declare the law on the merits of the case.

Administrators are by law made the agents for the settlement of intestate estates; they are bound to a faithful performance of their duty; are obliged to discharge the debts, and have a lien on the real estate to

aid them. It would be unreasonable to hold them thus bound, and to permit a stranger, over whom they have no control, and whom the court of probate cannot legally bind, to interfere with, or control their funds. In *England*, the administrator has no lien on the real estate; and though the chancellor may there order it sold for the benefit of the creditors, and distribute the avails without the aid of the administrator; yet, in this state, the court of probate has no such power. The administrator alone can distribute the avails, and is responsible for them. The expression in the statute authorizing the judge to order the sale of real estate for the payment of debts " in such manner as shall appear to him to be most for the benefit of such estates,"(a) which is relied on as giving the power claimed, evidently relates merely to public or private sales ; and is also used in a statute of an earlier date,(b) on the same subject, where the sales are expressly confined to administrators. The latter statute extends the object of the sales, but does not enlarge the power, or alter the mode. I am of opinion, that the court of probate had no power to appoint any other person than the administrator to sell the estate ; of course, the expenses of the sales by a stranger cannot be allowed.

Another reason assigned is, the allowance of the administration account in gross, without items. On this I would observe, that all accounts allowed by the courts of probate ought to be such that persons interested may examine the propriety of them. They have a right to an appeal, if illegal allowances are made. The allowance of such a sum in gross, without items or explanation, precludes such examination, and is, in my opinion, improper. I am therefore of opinion, that all and each of the reasons for the appeal are sufficient.

A reversal of this judgment is also claimed on the ground, that it is not averred in the proceedings before the superior court, that the appellant was a party interested. It is undoubtedly necessary that such interest

(a) *Stat. Conn.* tit. 60. c. 1. s. 22.     (b) Tit. 61. c. 1. s. 3.

should appear on the record. This does so appear;
and, I conceive, in the proper place, that is, in the
motion before the court of probate for the appeal. It
is there expressly stated, that the appellant is the heir
at law of the intestate. A transcript of that record is
the ground of proceedings in the superior court, and is
a necessarypart of the record before us. I can perceive
no necessity or use in a new averment of that fact.

On the whole, I am of opinion that this judgment
ought to be reversed, because it is too extensive; al-
though I am also of opinion that judgment ought to
have been rendered in favour of the appellant on all the
points controverted between the parties.

The other judges severally concurred in this opinion.

Judgment reversed.