MATSEY B. DICKERSON AND OTHERS' APPEAL FROM PROBATE.

Fairfield Co., March T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A testatrix by her will, executed in 1856, gave to B. all her real estate in the town of W., and the remainder of her estate, real and personal, to certain relatives named. At this time she owned a small homestead and land connected with it in W., but no other real estate there. In 1860 she received by distribution from her father's estate a note of $3,000, secured by a mortgage on a farm in W. In 1877 she foreclosed the mortgage and acquired an absolute title to the farm. She died in 1885, having made no change in her will. Held that B. took the after-acquired farm as well as the homestead originally owned by the testatrix, under the clause of the will giving him all her real estate in W.

An appeal from a probate decree can be taken by any person aggrieved; but it must appear on the motion for the appeal that he is thus aggrieved.

Real estate was distributed under a will by order of the probate court to a certain devisee, which, if such devisee was not entitled to it, would go to the residuary devisees or become intestate estate. An appeal was taken by three persons, the motion stating that two of them were heirs at law and residuary devisees, and the third an assignee of an

heir at law. Held that it sufficiently appeared that the appellants were aggrieved.

[Argued March 17th—decided May 5th, 1887.]

APPEAL from the order of a probate court distributing the estate of Sarah Williams, deceased; taken to the Superior Court in Fairfield County and heard before *Sanford*, *J.* The probate decree reversed and an appeal from that judgment by the original appellee. The case is fully stated in the opinion.

*L. Warner* and *G. Stoddard*, for the appellant (original appellee.)

1. The appeal in the Superior Court should have been dismissed on motion. There is nothing on the record showing that the appellants or either of them had any pecuniary interest in the matter of the appeal. *Swan* v. *Wheeler*, 4 Day, 137; *Saunders* v. *Denison*, 20 Conn., 521; *Deming's Appeal from Probate*, 34 id., 201; *Norton's Appeal from Probate*, 46 id., 527.

2. The real estate in Westport purchased by the testatrix after the execution of her will is not intestate estate. Gen. Statutes, p. 368, sec. 1. The claim that the statute does not apply to this will because there is in it no one devise purporting to convey all the real estate, can not be sustained. The word "devise," as used in the statute, means "will." Bouvier Law Dict., *Devise ;* Hilliard on Exrs. and Surrogates, 56; *Swinton* v. *Bailey*, L. R., 4 App. Cas., 70.

3. The after-acquired real estate passed by the second clause of the will to Bradley. The language of our statute is slightly different from that of the English statute, but the object of both is the same, and they should receive the same construction. 1 Victoria, ch. 26, sec. 24; 2 Jarman on Wills, 797; *Dickinson* v. *Dickinson*, 12 Ch. Div., 22; *Smalley* v. *Smalley*, 49 Law Times, N. S., 662; *In re Portal & Lamb*, 30 Ch. Div., 50; *Canfield* v. *Bostwick*, 21 Conn., 553; *Gold* v. *Judson*, id., 622; *Wait* v. *Belding*, 24 Pick., 129; *Cushing* v. *Aylwin*, 12 Met., 169; *Kimball* v. *Ellison*,

128 Mass., 41 ; *Loveren* v. *Lampsey*, 22 N. Hamp., 434 ; *Bell* v. *Towell*, 18 So. Car., 94 ; *Edwards* v. *Warren*, 90 N. Car., 604. The will is to be read as of the time of the death of the testatrix. Under this rule her devise of all her real estate in Westport to Bradley will of course be held to include the after-acquired real estate. But aside from this rule, it will be presumed that she intended that this real estate should go to him with the rest, because, though she lived eight years after she acquired it, she made no change in her will.

4. The evidence offered by us as to her declaration that she intended that this clause in her will should stand as it is and convey the property in question to Bradley, should have been received. 1 Redfield on Wills, 600 ; 1 Greenl. Ev., § 289 ; 1 Jarman on Wills, 747, 756 ; Schouler on Wills, §§ 573, 4, 5 ; *Converse* v. *Wales*, 4 Allen, 512.


*R. E. De Forest* and *E. M. Lees*, for the appellees (original appellants.)

1. The motion in the Superior Court to dismiss the appeal was properly denied. It could have been dismissed only on the ground of a want of jurisdiction apparent on the face of the proceedings, and no such ground existed. *Saunders* v. *Denison*, 20 Conn., 521 ; *Trinity Church* v. *Hall*, 22 id., 125 ; *Deming's Appeal from Probate*, 34 id., 201. It appears from the record that two of the appellants are heirs at law and residuary devisees to the testatrix, and the other appellant is assignee of another heir at law. If the distribution was set aside the property in dispute would either be intestate estate or would go to the residuary devisees.

2. The evidence offered by the appellees was properly rejected. There was no ambiguity in the will, and therefore no necessity for evidence *aliunde*, and the meaning of the will could be gathered only from its language, construed with reference to the actual facts of the case.

3. The important question in the case is, what was the legal effect of the will upon the after-acquired real estate in Westport? Such real estate did not pass at common law

and does. now only by force of our statute on the subject. *Brewster* v. *McCall's Devisees*, 15 Conn., 274. The second section of this will, under which the question arises, does not fall within the statute. The language of the statute is as follows:—" And every devise purporting to convey all the real estate of the testator shall be construed to convey all the real estate belonging to him at the time of his decease, unless it shall clearly appear by his will that he intended otherwise." Gen. Statutes, p. 368, sec. 1. The claim on the other side is, that this second clause of the will is a devise purporting to convey all the real estate of the testatrix within the meaning of the statute. This is obviously wrong, for this clause does not purport to convey all the real estate of the testatrix. It does not purport to convey even all her real estate in Westport; for it is to be observed that a life interest in the husband is reserved out of all the real estate conveyed by this second section.. What is the spirit of the statute? To carry out a presumed intent of the testator, namely, the intent not to die partly intestate. But upon the appellee's claim, if the testator by one devise gives all his real estate in *W.* to one devisee and blackacre in some other town to another, after-acquired land in *W.* would pass, but after-acquired land elsewhere would be intestate. If all the testator's property is given by one devise as the statute says, then there would be some reason to assume that extending it to after-acquired real estate fulfilled the real expectation of the devisor; but where there are separate clauses of the will containing separate and distinct devises to different persons, to allow one to carry the after-acquired and not the other, to leave the testator partly intestate after all, and in most cases give a part of the after-acquired in other places as intestate estate to the devisee of the first clause, as would be the case here, would probably in every case disappoint the real wishes and defeat the real intentions of the maker of the will. Our opponents, however, seek to sustain their position by insisting that if no one devise of this will purports to dispose of all the testator's real estate, yet all the devises of the will taken together do,

and that therefore it is a case within the statute.   In other words they contend that the word " devise " as used in the statute is synonymous with " will."   Such certainly could not have been the intent of the legislature.   The two words are used in studious contrast in the same paragraph in the same statute, when a much briefer and more convenient form of expression would have conveyed the idea and would in all probability have been used if " will " and " devise " were in this connection regarded as words of the same import.   Moreover, in many cases it is evident that the statute would be inoperative if this construction claimed by our opponents were put upon it.   If the first clause of the will should say :—I give, devise and bequeath all my real estate as follows, and subsequent clauses should dispose of white acre and black acre to different devisees respectively, it is evident that while the whole will purported " to convey all the real estate of the testator," yet the after-acquired real estate could not pass, for the reason that no person is designated as devisee.   In case, however, the whole of the real estate of the testator is given by a single devise, the person mentioned therein as devisee would take the after-acquired land, and there would be no difficulty in the application of the statute.   But if we are mistaken in this view and the whole will here is to be regarded as a " devise " within the statute, conveying the after-acquired land, yet, we submit, the after-acquired land in the town of Westport would in that event not go to Gershom B. Bradley, but to the persons mentioned as legatees and devisees under the residuary clause of the will.   The expression " all my real estate in the town of Westport," is to be regarded as merely a description of certain property then owned by and had in mind by the testatrix, while the residuary clause, if any, must be held to embrace the after-acquired land there as well as elsewhere.   Conn. Civil Officer, 401, 402; *Lynes* v. *Townsend*, 33 N. York, 569; *Quinn* v. *Hardenbrook*, 54 id., 83.

PARDEE, J.   Sarah Williams made a will in 1856; she then owned real estate in the towns of Westport and

Easton; she subsequently acquired real estate in the towns of Westport and Norwalk. She died in 1885, owning all of this real estate. By her will she devised in fee to Gershom B. Bradley all her real estate in Westport, the remainder of her real and personal estate to him with other devisees. The probate court ordered all of the real estate in the town of Westport owned by the testatrix at the time of her death to be distributed to him.

Two of the heirs at law and residuary legatees, and an assignee of another heir at law of the testatrix, appealed from so much of the order as distributed to Gershom B. Bradley all the real estate in Westport owned by the testatrix at the time of her death.

The appellee, or defendant, Gershom B. Bradley, moved the Superior Court to dismiss the appeal for reasons as follows:—

Because it does not appear from said appeal, or from the record of the court of probate in said cause, that the appellants or any of them have any interest in or right to prosecute said appeal in this court; or that the order of distribution complained of by them, and from which they have appealed, is injurious to them, or either of them; and because it is not alleged, and does not appear from said appeal or otherwise, that the order of distribution so appealed from is not according to the will of the said Sarah Williams, deceased, and according to law.

The court denied the motion, and upon hearing adjudged that so much of the decree of the probate court as ordered all of the real estate owned by the testatrix at the time of her decease in the town of Westport to be set to Gershom B. Bradley be reversed and set aside; and that all the real estate acquired by the testatrix in the town of Westport after the execution of the will should be distributed as intestate estate.

Gershom B. Bradley, the defendant, appealed to this court for these reasons:—

1. That the court erred in refusing to dismiss the appeal upon the motion of the appellee as of record, and for the reasons therein stated.

2. That the court erred in rejecting the evidence offered to prove that after the making of the will, and after the testatrix acquired the Burns property, she told the said Bradley that she had given to him this Burns property, and that she had given to him all her real estate in the town of Westport, and that she read to him the second clause in the will to show that she had given it to him.

3. In adjudging and decreeing that the real estate situated in Westport, and acquired by the testatrix after the making of the will, did not pass by the will to said Bradley.

4. In finding from the facts proven in the case that all the real estate acquired by the testatrix after the execution of the will is intestate estate, and ordering the same to be distributed as such.

The statute gives the right of appeal from any decree of the probate court to any person aggrieved thereby; that is, to any person who will thereby suffer pecuniary injury (Acts of 1885, ch. 10, sec. 16); but it must appear in his motion to the probate court for an appeal that he will thus suffer. Two of the appellants aver that they are heirs at law of the testatrix and residuary legatees under her will; another that he is assignee of an heir at law; all aver that they are aggrieved by an order of the probate court which set to Gershom B. Bradley all of the real estate in the town of Westport owned by the testatrix at the time of her death.

Under our rules of practice in the probate court this was a sufficiently explicit averment that if the order complained of had not been passed a portion of the land in Westport would have been set to them. This meets the requirement of the law. The appeal was well taken.

By the common law of this state prior to 1831, and of England prior to 1837, a devise of all real estate did not carry such as the testator acquired after the date of his will. A bequest of all his personal property carried all owned by him at the time of his death. In this state in 1831 a statute provided that " any person having power to dispose of real estate by will or testament, may by such will

or testament devise such real estate not owned by him at the time of making the same but acquired afterwards." In 1848 the following provision was added :—" And every devise purporting to be a devise of all the real estate of the testator shall be construed to convey all the real estate belonging to him at his decease, unless it shall clearly appear by the will that he intended otherwise." Gen. Statutes, p. 368, sec. 1. In 1837 in England a statute provided " that every will shall be construed with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." Of the English statute this court said in *Gold* v. *Judson*, 21 Conn., 623, in 1852, as follows :— " This statute was passed to get rid of the principle in their law, that.a will spoke from its date as to real estate ; for by their law no real estate passed by a will but what the testator had when he made his will; but as to his personal property the law of England and of this state now is, and has ever been, otherwise. We have a statute in relation to real estate substantially like the English statute above referred to." Therefore, by these statutes in this state and in England the distinction in this regard between the devise of real estate and the bequest of personal property was abolished ; and in the opinion of this court above cited the statutes of the two jurisdictions are of the same import and for the same purpose, and are to receive the same interpretation. Previous to the enactment of our statute, no matter when the testator in fact wrote that he bequeathed all of his personal property, the law said that he so wrote at the last moment of his life ; of course all contemplation and possibility even of after-acquired property were barred out. Since the statute the same has been true of a devise of real estate ; there can be no contemplation or possibility even of subsequent acquisition. This is true unless when making his will the testator has therein manifested his intention that it shall speak of the day of its execution.

In *Doe* v. *Walker*, 12 M. & W., 591, the testator devised

all his land in Great Bowdon; subsequently to the execution of the will he acquired additional land in that parish. It was held that the devisee took the after-acquired land. Speaking of the English statutes the vice-chancellor said:— " These show that one great purpose of the legislature in these enactments was to abolish and put an end to the old law, which prevented a testator from devising real estate which he might acquire by title accruing subsequent to the date of making and executing his will. In that respect the policy of the new wills act seems to have been to assimilate the laws of wills disposing of real estate, so as to accord with the law of wills as to personal property.  *   *   But it is because the language of wills is so much in the present tense, and used as speaking of the time of the date and making of the will, that the act of parliament has, as to real or personal estate, enlarged their interpretation beyond the present tense, and declared that the will is to speak as if executed immediately before the testator's death."

In *In re Portal & Lamb*, L. R., 30 Ch. Div., 55, LINDLEY, L. J., said:—" If a testator devises all his lands in the parish of *B.* and then makes a residuary devise of all his other lands, the former devise will carry all other land which he may subsequently acquire in that parish, under section twenty-four of the statute, unless there is an intention to the contrary." In *Smalley* v. *Smalley*, 49 L. J. Reports, N. S., 662, the testator devised " all my freehold land and my two cottages at Clowstop, * * * also my five leasehold houses." Subsequently he acquired other freehold property at Clowstop of which he died possessed. It was held that the devisee took the whole. In *Dickinson* v. *Dickinson*, L. R., 12 Ch. Div., 22, the testator devised to his son all his leaseholds situated at *C.*, charged with payment of mortgage and annuities. At the date of the will he was possessed of two leaseholds at *C.*, one subject to a mortgage, the other to an annuity. He subsequently acquired other leasehold property at *C.* It was held that the after-acquired leasehold passed to the son. In *Cushing* v. *Aylwin*, 12 Met., 169, the testatrix by will made in 1834 devised all her property; in

1840 she acquired land; she died in 1841, not having re-published her will. Held that the devisee took the whole. In *Wait* v. *Belding*, 24 Pick., 129, a testator devised to his two sons "the whole of my land and buildings lying and being within the town of Hatfield." He made a codicil afterward which was held to be a re-publication of the will; and it was also held that other lands acquired by the testator in the interval between the date of the will and the codicil passed to the two sons by the will. It was said by Chief Justice SHAW in delivering judgment:—" By the Revised Statutes it is provided that a will shall embrace after-acquired real estate as well as personal, when such is the intent of the testator. These statutes do not affect this will and I only allude to them by way of illustration. Suppose this will had been made after the Revised Statutes, and the question should be whether the estate now in controversy passed by this devise. There seems to be no doubt that it would, the description being general, of all the lands in Hatfield, without limitation as to the time of acquisition." The statute in Massachusetts provides that "any estate, right or interest in lands acquired by the testator after making his will shall pass thereby, in like manner as if possessed at the time of making the will, if such clearly and manifestly appears by the will to have been the intention of the testator." Gen. Statutes, ch. 92, sec. 4. In 1 Redfield on Wills, 385, it is said:—" General devises and bequests seem to have been universally construed to include all which it was in the power of the testator to dispose of, which, as the law now stands in most American states, will embrace all the testator's estate, whether real or personal, at the time of his decease."

In 1 Jarman on Wills, 605 (5th Am. from 4th London edition), speaking of the English statute it is said:—" By the combined effect of the 3d and 24th sections of the statute it is evident that a general devise of real estate (or of the testator's real estate in a given county or parish) will operate upon all the property of that description to which the testator may happen to be entitled at his de-

cease." And on page 602, note 4, it is said :—" In most of the states there has been enacted some statute more or less perfectly equivalent to that of 1 Vict., c. 26 ; " and the statute of Connecticut is cited. In 1 Redfield on Wills, 386 (4th ed.,) it is said :—" Under statutes giving the testator power to dispose of all of his estate, both real and personal, of which he may be possessed at his decease, it has been held that a general devise of all the testator's estate in a particular town or county, or other place, will embrace all of which he dies possessed within those limits."

Moreover, if we should interpret the statute in the narrowest and most literal sense, we shall find that in the will under consideration the testatrix has used apt and sufficient words for the disposition of all her real estate. The testamentary disposition of the whole may be by one devise to one devisee or by several devises or parts to as many devisees ; it is only necessary that either the single devise, or the aggregated effect of several, shall exhaust all possible interest in and right to the testator's real estate.

The will in question contains, first, a devise of all the real estate belonging to the testatrix, in the town of Westport, to Gershom B. Bradley ; second, a devise to several devisees of the remainder of her real estate—the testamentary disposition of all real estate within specified geographical territory to one, of all else in the world to others. Of course together they are all inclusive ; they exhaust all possibilities of ownership. The will literally meets the requirement of the statute that it shall be a devise purporting to be a devise of all the real estate of the testatrix.

And there is neither sentence, nor word even, indicating her intent to stamp the date of execution upon the devise. She has placed no bar to the full operation of the statute. She has allowed it to speak for her as of the moment of her death. And read as of that moment, doubt as to the construction is impossible. The statute carried forward and continued in force her intent to give to Gershom B. Bradley all the real estate which she owned in Westport from the day of the execution of her will to that of her death, and in

effect causes her to re-publish it on the last named day. After the date of the will she lived many years in presumptive knowledge that the statute would give this effect to what she had written unless she should be at pains to prevent it; and she did not prevent it.

There is error in the judgment of the Superior Court in reversing the decree of the probate court appealed from.

In this opinion CARPENTER, LOOMIS and BEARDSLEY, Js., concurred.

PARK, C. J., (dissenting.) While agreeing with my brethren in the general principle which they apply to this case, I think they err in their application of it, and I am unable to arrive at the conclusion which they have reached.

The first rule in the construction of wills is to ascertain if possible, and give effect to, the intent of the testator. All other rules give way before this predominating and decisive one. The principle which the majority of the court invoke is an important one and has its place, but I think must be treated as entirely subordinate to the rule that the testator's intent, where it can be ascertained, shall govern. I consider the present inquiry to be wholly one as to the real intent of the testatrix.

In this case the testatrix gave to her nephew, Gershom B. Bradley, all her real estate in Westport. She then gives all the remainder of her estate, real and personal, to six relatives, of whom Bradley was one. She thus disposed of all her property, leaving no part of it intestate, so that no necessity arises for applying any arbitrary rule to avoid partial intestacy. The question becomes the simple one—what she intended by her "real estate in Westport."

It appears from the finding that at the time she made her will, in the year 1856, she owned a homestead and real estate connected with it in Westport, which, after her death, was appraised at $2,350. It is of course entirely clear that she intended at this time to give to Bradley this real estate and this only. She at that time owned no other real es-

tate except a small quantity in an adjoining town. But in 1860, four years after the will was made, a note for $3,000 was distributed to her as a part of her father's estate, which note was secured by a mortgage on a farm in Westport. This mortgage in 1877 she foreclosed, and thereby became the owner of the farm which was covered by the mortgage. She died in 1885, having made no change in her will.

It is very clear that it will not do to argue that she deliberately decided to make no change in her will with the intent that this farm should go with her other real estate in Westport to Bradley, for the principle which the majority of the court apply to the case would be equally applicable and controlling if she had died after her father but before his estate had been distributed, or if she had become insane immediately after the will was made and this note and mortgage had come into the hands of her conversator and the foreclosure had been procured by him.

It is a rule of constant application that where the intention of a testator is doubtful the inquiry after it may be helped by considering all the circumstances attending the making of the will; in other words, that the court should place itself precisely in his place and look out as he did upon his property and the objects of his bounty; and the will, for the purposes of determining its meaning, is always read in the light of the then existing facts. Indeed this court held in *Colt* v. *Colt*, 32 Conn., 422, that where parts of a will have been revoked by a codicil, so as in law no longer to exist, and so that the will if regarded as speaking at the time of the testator's death must be entirely silent as to these discarded clauses, the latter may yet be read with the rest for the purpose of ascertaining the testator's intent in the clauses which he has retained.

It is impossible to doubt that the testatrix really intended to give Bradley the real estate owned by her in Westport in 1856, and that everything else that she had or should ever have should go into her residuary bequest. Why should not this clear intent prevail? Why should any artificial rule be brought in and given a strained application,

when its only effect is to defeat this actual intent of the testatrix? It seems clear to me that that intent should prevail and be sustained by the decision of the court.