<hr/>

RICHARD A. WHEELER, ADMINISTRATOR, vs. HARRIET L. BREWSTER ET AL.

Second Judicial District, Norwich, May Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A testator having devised in fee all the other real estate he owned at the date of his will, gave to his brother W (subject to the life use of the testator's widow), "the residue or remainder of my real estate, being a lot of land adjoining his own." He subsequently purchased and owned at his death other land, which did not adjoin W's land, nor the lot devised to W. W died during the life of the widow, and upon the latter's death shortly after, W's widow and his sole legatee and devisee, claimed the real estate devised to her husband. Upon a suit to determine the construction of the will it was held:—

1. That the devise to W did not include the real estate purchased by the testator after the making of his will.

2. That W took a vested estate in the lot devised to him, which was not

divested by his death before that of the life tenant, but passed to his devisee under his will.

In the 6th clause the testator gave to his wife, absolutely, one half the personal property not thereafter disposed of in the will; and in the 7th clause the life use "of all the residue of my estate, real, personal or mixed," not thereafter disposed of by the will. In the 9th clause, after a devise of certain real estate to his daughter to take effect on his wife's decease, he gave to the daughter, absolutely, "the one half of the residue or remainder of my personal estate." In the 13th clause it was directed that the "residue or remainder of my personal estate" should be divided into equal shares and given to certain individuals. *Held* that the absolute gift to the daughter in the 9th clause, applied to all the personal property given to the wife for life, rather than to one half of it; and that no effect could be given to the 13th section.

[Argued May 26th—decided June 25th, 1896.]

· SUIT to determine the construction of the will of George S. Brewster, late of Stonington, deceased; brought to the Superior Court in New London County and reserved by that court, *Robinson, J.*, for the consideration and advice of this court.

The case is sufficiently stated in the opinion.

*Hadlai A. Hull*, with whom was *William F. M. Rogers*, for Harriet L. Brewster *et al.*

*Charles H. Briscoe*, with whom was *John L. Hunter*, for Minnie L. Leonard.

FENN, J.    This is a case reserved, claiming an adjudication as to the construction and effect of certain sections in the last will of George S. Brewster, of Stonington in this State.    The will was executed in 1873, and the testator died in 1882.

Seven questions are propounded, the first three of which relate to section 12 of said will, which is in these words: "From and after the decease of my precious dearly beloved wife Mary Lockwood, I give and bequeath to my dear brother William E., the residue or remainder of my real estate, being a lot of land adjoining his own."

At the time the will was made the testator owned several

pieces of real estate. The use of most of these he gave to his wife for life, and all of them he disposed of in fee, except the lot of land, valued at $600, adjoining his brother's land, as stated in said section 12. After making said will the testator purchased, and owned at the time of his death, premises known as the "Lewis House," valued at $1,500. These premises did not join the land of the testator's brother William E., or the lot of land mentioned in section 12. The testator's wife, Mary Lockwood, died in December, 1894. The brother, William E., died previously, in January, 1893, leaving a widow, Harriet L. Brewster, who, under the will of her husband, is the sole devisee and legatee of all his estate.

The three questions above referred to are: "1. What part or portion of the real estate of the said George S. Brewster was covered by section 12 of his said will, or in other words, whether it included the said 'Lewis place'? 2. Whether said devise in said section 12, became vested by said William's surviving the testator, and whether his demise before the death of the life tenant, Mary L. Brewster, divested him of his estate in said land? 3. Whether the land mentioned in section 12 of said George Brewster's will, passed to the devisee under the will of William Brewster?"

Counsel in support of the contention that section 12 "included the said Lewis place," rely upon the language of the statute, now General Statutes, § 537, and to the construction given to that statute in *Dickerson's Appeal*, 55 Conn., 223. But we fail to see how much aid to their claim is derived from these sources. The statute provides that "every devise, purporting to convey all the real estate of the testator, shall be construed to convey all the real estate belonging to him at the time of his decease, unless it shall clearly appear by his will that he intended otherwise." The will thus speaks, as to real property, as it did at common law as to personal, from the death of the testator. But the question remains, does the devise purport to convey all the real estate of the testator? In *Dickerson's Appeal*, *supra*, the testatrix made a devise of all her real estate in the town of Westport

to one person, the remainder of all her property, real and personal, to others. She then owned one piece of real estate in said town. She subsequently acquired another piece, which she owned at the time of her death. The question was whether the last piece passed under the specific devise. This court held that it did. But this was on the ground, as distinctly stated, that "the will literally meets the requirement of the statute that it shall be a devise purporting to be a devise of all the real estate of the testatrix," and that therefore the statute was applicable in determining whether apt words in all their parts, should be construed as relating to what, at the time of the testator's death, answered to the description given.

In the case before us the testator, in making this 12th section of his will, knew that he had disposed of all his other real estate, except the minor item, the lot adjoining his brother's, and even of that he had given to his wife the use for life. He therefore, as we think, used the words "the residue or remainder of my real estate," as he used the other words, "being a lot of land adjoining his own," merely as descriptive of this particular land. He knew where the land was situated. He knew also that it was the only land he then had, which he had not disposed of by other provisions. He stated or referred to both facts, and with the same purpose of description. If it be said that the devises as a whole purported "to convey all the real estate of the testator," this is true. But these devises were not as a whole, or mainly, to the brother, and do not purport to convey it to him. Even if the intendment which is sometimes, perhaps too often, said to exist against holding a man to be intestate as to a portion of his property, should ever prevail against the contrary intendments in favor of an heir, not to be defeated of his statutory and distributive rights unless by apt words, it will not avail here; for granting that the testator intended to convey by his will all the property, real and personal, which he owned at the time of his decease, and that he has failed to do so as to this after-acquired Lewis property, unless it passes under this clause, which seems to us a most liberal

concession, it still remains evident to our minds that he intended this devisee to have only this particularly described and specified lot.

The will in question is too long to justify its recital in full here. Nor is it necessary. It is most peculiar in many of its expressions and provisions. But in reference to the disposition of the real estate, the condition of mind of the testator at the time of the execution appears to us to be obvious. He fully understood the items which it included, and the disposition he wished to make of each of them. The contingency that such items might at the time of his death be varied, by sale or purchase, did not enter his contemplation. His real language is entirely equivalent in effect to what it would have been if he had said, "I have four pieces of real estate" (describing and numbering each); "I dispose of them as follows: No. 1 to *A*, No. 2 to *B*, No. 3 to *C*, the remaining piece to *D*." Now at the time of his death he had all these, and another piece, No. 5. How can this pass to *D*? It is true that it will not pass to either *A*, *B* or *C*. True also that if it does not pass to *D*, it will be intestate. But the testator has not willed it to *D*. Instead of calling it the "fourth," he did style it in effect, his "remaining" land. But we think that the latter word was used only as the equivalent of the former, and that to give it any other construction would be to make a will for the testator which he neither made nor intended to make for himself. This cannot be. A strong light is thrown on the meaning of the 12th section, by the language which immediately follows it in the 13th. In that he proceeds to dispose of "the residue or remainder of my personal estate of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease." The express reference here to after-acquired personal estate, is a decided indication that he did not by the terms used in the preceding section intend to devise after-acquired real estate. Had the will been drawn by a lawyer, it might be argued that the residuary disposition in the 12th section was shortened in view of the provisions of Gen-

eral Statutes, § 537; but it is evident that it was wholly the work of the testator, himself.

If that statute be again invoked in opposition to these views, the answer may be either, that if the will as a whole shall be taken as a devise within the meaning of the statute —that it purports to convey all the real estate of the testator, and must be construed to convey all that belonged to him at the time of his decease—such construction is inoperative, since, while it is held that it conveys all, it cannot be known to whom such conveyance is made; or the answer may be that such construction should not be made at all, because it clearly appears by the will that the testator intended otherwise. Our conclusion is that the Lewis place was not covered or included under the provisions of section 12. But that the lot of land described in said section became vested by said William's surviving the testator, that his death before that of the life tenant did not divest him of his estate, but that it passed, as a vested estate, in fee simple, to the devisee under his will, appears too plain to require discussion, or the statement of reasons. Indeed this was conceded in the hearing before us, and no claim to the contrary made.

The next question presented is: " 4. What construction should be put upon sections 6, 9, and 13 of said George S. Brewster's will, and whether after satisfying the provisions of sections 6 and 9 of said will, any property remained to pass under said section 13, to the persons named therein ? "

By the 6th section of the will the testator gave to his wife, absolutely, one half of all his personal property not afterwards disposed of in his will. By the 7th section he gave to his said wife the use, improvement and income, for and during her natural life, " of all the residue of my estate, real, personal or mixed, of which I shall die, seized and possessed," not thereafter disposed of in his will. In the 9th section, after other gifts to take effect after the decease of the testator's wife, he said, " I also give and bequeath to my daughter Minnie Lockwood the one half of the residue or remainder of my personal estate," to be hers absolutely. In the 13th

section he provided what disposition should be made of the "residue and remainder" of his personal estate.

The question presented, therefore, amounts to this: The testator having given his wife one half of his personal estate absolutely, and the life use of the other half, should the absolute gift to Minnie Lockwood be construed to include the entire personal property, of which the wife had the life use, or only half of it? If the former construction be adopted, section 13 becomes inoperative, as nothing remains to pass under its provisions. But notwithstanding such result would follow, we have reached the conclusion that this is the proper construction to be given to the will, and that it effectuates the testator's true intent. Since there are other sections of the will than those above referred to, which contain bequests of certain articles or items of personal property, the bequest to the wife in section 6 is, in fact, of one half of the residue of such property. The devise and bequest in section 7 is of the other half for life. The language in section 9, "of the one half of the residue and remainder of my personal estate," limited to take effect after the decease of the wife, is in entirely apt terms to include and convey this latter half. In the 13th section no suggestion is made that the gifts there provided for are not to take effect until after the death of the testator's wife. Such statement is made in several other sections of the will: in every place where relevant and proper. We think that the testator meant that the personal property of which the wife was given only the use for life, should at her decease go and belong to Mary Lockwood.

This conclusion disposes of the fifth question, "what disposition shall be made of the shares named in section 13, not bequeathed or disposed of?" No effect can be given to such section. It also disposes of the sixth question, which relates to the construction of section 16 of the will, providing what shall be done in case of the decease of one of the legatees named in section 13; also of question seven, practically relating to the same matter.

Counsel did not treat the question as to the construction to be put upon the 9th clause, as involving any inquiry con-

cerning the effect upon its provisions of the former statute
of perpetuities, and we therefore have given that matter no
consideration.

The Superior Court is advised : 1. The "Lewis place" is
not covered by or included in the provisions of section 12 of
said will, but only the lot of land adjoining that of the de-
visee.   Said devise became vested by said devisee surviving
the testator, and was not divested by his demise before the
life tenant.   Being vested in said devisee, William Brewster,
it passed to the devisee under his will.   2. Sections 6, 9 and
13 of the will in question, should be so construed as to give
Minnie Lockwood, absolutely, after the death of the testator's
wife, all the personal property of which she, the testator's
wife, was given the use for her life.   Nothing passed under
section 13.

In this opinion the other judges concurred.