Margaret A. Atwood et al. *v.* The Connecticut Bank and Trust Company et al., Executors (Estate of Edmund F. Atwood)

Superior Court  Middlesex County  File No. 18308

Memorandum filed January 24, 1968

*Day, Berry & Howard,* of Hartford, for the plaintiffs.

*Butler, Volpe & Sacco,* of Hartford, for the defendants.

FitzGerald, J. This is an appeal from a decree of the Probate Court for the district of Old Saybrook admitting to probate the will of Edmund F. Atwood, who died testate on February 19, 1967, a domiciliary of the town of Old Saybrook within said district. The allowance of the appeal to this court by the Probate Court quotes in part the order and decree of the Probate Court which is the subject of the appeal, wherein reference is made to Margaret A. Atwood as widow of the decedent and Carol Atwood as a daughter of the decedent. These are the appellants on the appeal to this court and are hereinafter referred to as the plaintiffs. The appellees, hereinafter referred to as the defendants, are The Connecticut Bank and Trust Company and Robert C. Danaher, the designated executors of the estate.

The basic allegations of the plaintiffs' motion for appeal are the following: They are heirs at law and next of kin of the decedent; by the order and decree of the Probate Court on April 27, 1967, that court found that they failed to sustain the burden of proof in their objections to the admission of the will to probate; and they are aggrieved by the order and decree of the Probate Court.

Appearing specially, the defendants on July 3, 1967, filed both a plea in abatement and a motion to erase the appeal from the docket of this court for want of jurisdiction. On August 22, 1967, the plaintiffs interposed a demurrer to the plea in abatement. The subjects of these pleadings speak for themselves and need not be restated in this memorandum. The defendants' motion to erase

required no pleading on the part of the plaintiffs such as an answer or demurrer. The basic and determinative ground of both the plea in abatement and the motion to erase of the defendants is that "[n]either of the . . . [plaintiffs alleges] sufficient grounds to establish a claim of aggrievement."

The file in this court discloses that on July 14, 1967, after the defendants filed a plea in abatement and a motion to erase and before the plaintiffs filed a demurrer to the plea in abatement, the plaintiffs filed their reasons of appeal. The subject matter of the reasons of appeal cannot supply any fatal omission in the appeal itself, if such there may be. *Maloney* v. *Taplin,* 154 Conn. 247, 249, and cases cited. Hence the subject matter of the reasons of appeal cannot be resorted to in determining the crucial issue presently before the court growing out of the defendants' plea in abatement and motion to erase.

Section 45-288 of the General Statutes provides that any "person aggrieved" by any order or decree of a court of probate may appeal therefrom to the Superior Court. Section 45-293 reads: "In each appeal from probate . . . the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate."

In resisting the plaintiffs' demurrer to their plea in abatement and in support of their motion to erase, the defendants rely exclusively upon the opinion of our Supreme Court in the recent case of *Maloney* v. *Taplin,* 154 Conn. 247, previously cited in another connection. That case involved an appeal by a nephew to the Superior Court from a decree of the Probate Court appointing a conservator over the property of his aunt. In an excellent opinion by Justice Cotter, the Supreme Court upheld the rul-

ing of the trial court in granting the motion of the defendant to erase the appeal for want of jurisdiction. It was held that the plaintiff's allegation in his motion for appeal that he was "a nephew, former ward and prospective heir" of his aunt, and that "he presently has responsibility for the care and maintenance of" his aunt, did not allege "sufficient facts to support an ultimate finding of aggrievement in this case". Id., 250–51. The pith of the holding in the *Maloney* case is best summarized in the following quoted excerpt from the opinion therein (p. 249): "Decrees and orders of the Probate Court may be appealed to the Superior Court by any person who is aggrieved by the particular decree or order from which the appeal is taken. General Statutes § 45-288. The basis for the appellant's claim of aggrievement should be clearly stated in his motion for appeal. . . . [cases cited]; 1 Locke & Kohn, Conn. Probate Practice, p. 404; see General Statutes § 45-293. The matter of aggrievement goes to the jurisdiction of the Superior Court, and, if sufficient grounds to establish a claim of aggrievement are not alleged, a motion to erase the appeal will be granted. . . . [cases cited]."

It is the considered opinion of the court that the holding in *Maloney* v. *Taplin,* supra, considered herein at some length, does not apply to this case, which is concerned with an appeal from the order and decree of the Probate Court admitting to probate an instrument submitted as the last will and testament of the decedent. Briefly stated, in their motion for appeal filed in the Probate Court, the plaintiffs allege that they are heirs at law and next of kin of the decedent and that they are aggrieved by the order and decree of that court entered on April 27, 1967, admitting to probate the will of the decedent over their objections. There is case authority in Connecticut that, in an appeal from the

admission of a will to probate, the allegation in the motion for appeal, and be it the only allegation relating to the interest of the plaintiff-appellant, that such party was the heir at law of the decedent and aggrieved by the decree is sufficient to satisfy the requirements of what is now § 45-293 of the General Statutes. *Ciglar* v. *Finkelstone,* 142 Conn. 432, 433, 435. "Manifestly, an heir at law of a decedent has an interest in the decedent's estate. *Taylor* v. *Gillette,* 52 Conn. 216, 217; *Norton's Appeal,* 46 Conn. 527, 528. Since the existence of a will ordinarily requires the distribution of an estate in a manner different from that prescribed by the Statute of Distributions, under which an heir at law would take, the admission of a will to probate at least prima facie affects adversely the interest of an heir at law. It follows that in an appeal from the admission of a will to probate an allegation in the motion for appeal that the appellant is an heir at law is adequate to satisfy the requirement of . . . [§ 45-293] that the interest of the appellant which has been adversely affected be set forth. *Dickerson's Appeal,* 55 Conn. 223, 229 . . . ; 1 Locke & Kohn, Conn. Probate Practice, p. 404; see *Swan* v. *Wheeler,* 4 Day 137, 140." *Ciglar* v. *Finkelstone,* supra, 435.

As already pointed out, *Maloney* v. *Taplin,* supra, involved an appeal from an order and decree of the Probate Court appointing a conservator over the property of the plaintiff's aunt, whereas the within case involves an appeal from an order and decree of the Probate Court admitting to probate an instrument submitted as the last will and testament of the decedent. There is nothing in the opinion of the Supreme Court in the *Maloney* case, including the excerpt therefrom quoted in this memorandum, which could be construed as overruling the holding in *Ciglar* v. *Finkelstone,* supra, the basis of which

has been quoted in this memorandum in the preceding paragraph, to which reference is again made. The holding in the *Maloney* case is not applicable to the within case, which is squarely controlled by the *Ciglar* case. Further discussion would add nothing of value.

Attention of counsel is called to the fact that in some of the papers on file the decedent is referred to as Edmund F. Atwood, and in others as Edward F. Atwood. A correction should be made as to the actual first name of the decedent so as to conform to the fact.

The demurrer of the plaintiffs to the plea in abatement of the defendants is sustained in toto.

The motion of the defendants to erase the appeal of the plaintiffs from the docket of this court for want of jurisdiction is overruled.

Any point or points raised by the defendants in their plea and/or motion and not specifically discussed herein (the defendants' sole reliance at the hearing on December 19, 1967, was on the decision in *Maloney* v. *Taplin,* supra) are to be considered as decided adversely to them.