[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
The decedent, Gregory Alan Whitehead, Sr., died intestate on August 22, 1989. His only heirs were his parents, Harry Whitehead and Ann Whitehead Dobrient (hereinafter "the plaintiffs"), and a minor son born out of wedlock, Gregory Alan Whitehead, Jr. On June 1, 1992, pursuant to an application for ascertainment of heirs, the Probate Court for the district of Fairfield determined that the decedent's paternity of his minor son had been established in accordance with General Statutes45a-438(b), as amended by Public Act No 91-109.
As such, the Probate Court ordered and decreed that the decedent's son is the sole heir at law of the decedent under the laws of intestate succession. See General Statutes 45a-437 et seq.
On June 9, 1992, the plaintiffs filed a motion for appeal from probate, in which they claim that the Probate Court erred in applying the amendments to General Statutes 45a-438(b) set forth in Public Act 91-109 in a retroactive manner. The plaintiffs allege that as a result of this error, the Probate Court's decree that the decedent's son is the sole heir to the estate is incorrect. The motion for appeal was granted by the CT Page 11007 Probate Court on June 9, 1992.
On August 13, 1992, David Craig Slepian, the administrator of the decedent's estate thereinafter "the defendant"), filed a motion to dismiss the appeal on the ground that the court lacks subject matter jurisdiction to hear this action because the plaintiffs have failed to allege sufficient facts in their motion for appeal to show that they are parties interested in the estate. The motion is accompanied by a supporting memorandum of law. On August 14, 1992, the decedent's son filed papers joining the motion to dismiss. The plaintiffs filed a memorandum in opposition to the motion to dismiss on September 17, 1992.
"[O]nce the question of lack of jurisdiction of a court is raised, "[it] must be disposed of no matter in what form it is presented". . . and the court must "fully resolve it before proceeding further with the case."'" (Citations omitted.) State v. Carey, 222 Conn. 299, 305, A.2d (1992). "`That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction.'" (Citation omitted.) Lauer v. Zoning Commission, 220 Conn. 455,460, 600 A.2d 310 (1991).
"`Because the right to appeal from the decision of a Probate Court is statutorily conferred by [General Statutes45a-186], the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal.'" (Citation omitted.) Baskin's Appeal from Probate, 194, Conn. 635, 637, 484 A.2d 934
(1984). "`Aggrievment as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court.'" (Citations omitted.) Erisoty's Appeal from Probate, 216, Conn. 514, 519, 582 A.2d 760 (1990). "In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected."'" (Citations omitted.) Id.
"In each appeal from probate . . . the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate." General Statutes 45a-191. In the first CT Page 11008 paragraph of their motion for appeal, the plaintiffs allege that "[t]hey are the parents of the deceased." The defendant argues that this allegation is insufficient under the holding of Norton's Appeal from Probate, 46 Conn. 527 (1879).
The case sub judice can be distinguished from Norton's Appeal, supra. The plaintiff in Norton's Appeal, like the plaintiffs before this court, stated in his motion for appeal that he was the "brother of said deceased." Id., 527. The Supreme Court, noting that one appealing a Probate Court order must be "interested in the estate, either as a creditor, legatee or heir at law, or in some pecuniary manner," held that the plaintiff's averment of interest was insufficient. Id., 528. However, the court held that allegation insufficient because "[i]t is by no means to be inferred that, because he was a brother, he had any interest in the estate. The testator might have had children that would have inherited the estate, notwithstanding there were brothers or other near relatives." Id., From this statement, it can be reasonably concluded that the right of the plaintiff in Norton's Appeal to inherit from his siblings estate was not apparent from "the face of the proceedings and records of such court of probate." General Statutes 45a-191.
In the instant case, the application for probate of the decedent's will indicates that the decedent died intestate, and that his only known heirs are his parents and his minor son. See Plaintiff's Exhibit B. Thus, if the plaintiffs' claim that the probate court erred in finding the decedent's son to be the sole heir to the estate is correct, the plaintiffs clearly have a right of inheritance under General Statutes 45a-439(a)(1) as amended by Public Act 91-64), which states in relevant part that "[i]f there are no children or any legal representatives of them, then, after the portion of the husband or wife, if any, is distributed or set out, the residue of the estate shall be distributed equally to the parent or parents of the intestate. . . ." General Statutes 45a-439(a)(1). Therefore, under the circumstances of this case, the plaintiffs have sufficiently alleged their interest in the decedent's estate.
The motion to dismiss is denied.
BALLEN, JUDGE CT Page 11009