## SAUNDERS *against* DENISON.

*New-London,*
July, 1850.

Saunders
*v.*
Denison.

20 521
70 328

Every creditor of an estate represented insolvent, has, *prima facie*, an interest in the settlement of it, which will give him a right of appeal from the doings of commissioners, in rejecting his own claim, or allowing that of another person.

Though it should appear in the motion for appeal, that the appellant has an interest, the extent of such interest and how it is affected, by the decision appealed from, is to be averred in the reasons assigned in the superior court.

The superior court will not erase a cause from the docket, on motion, unless the ground of erasure appears upon the record, when it is entered; leaving any extraneous or subsequent matter to be the subject of pleading.

If in an appeal from probate, the appellant has an interest, as a creditor of the estate, at the time of the taking of the appeal, a subsequent tender to him of his debt, with interest and costs, if not accepted, will not destroy his interest in the appeal.

Where the appellant, in his reasons of appeal, averred, that the deceased, in his life-time, had conveyed to him and another person, a tract of land, which the executor had inventoried as part of the estate of the deceased, and claimed to avoid such deed, as being invalid as against the creditors of the estate, and then to sell the same land to pay a large claim of his own, which had been unjustly allowed by the commissioners; it was held, that an interest in the appellant was thus disclosed, which enabled him to prosecute his appeal, with reference to this matter, though he took the appeal only as a creditor.

THIS was an appeal from the doings of the commissioners on the estate of *Richard Woodbridge,* deceased, in allowing, against that estate, a claim of 10,000 dollars, in favour of *Peleg Denison,* executor of the will of said *Woodbridge.*

The appellant, in his reasons of appeal, stated, that the commissioners had, by their report, found, that said *Woodbridge* was indebted to *Denison,* the appellee, by his bond, dated the 25th of *April,* 1843, by which he bound himself to pay to the appellee the sum of 10,000 dollars, on condition that he should alter, revoke or destroy his will. The appellant then averred, that said *Woodbridge* never executed such bond, or if so, it was not for any just or valuable cause or consideration; nor was the condition annexed thereto at any time broken; nor was any debt due thereon against said estate.

The appellant further stated, as one of his reasons of appeal, that said *Woodbridge,* at his decease, was justly indebted to the appellant, by book account, in the sum of        which debt was by him presented to the commissioners for allowance, and was by them disallowed.

The appellant further alleged, that the whole estate of said *Woodbridge*, both real and personal, was of much less value than the amount of debts allowed by the commissioners against his estate ; that a certain parcel of land, contained in the inventory of his estate, and appraised therein at 4000 dollars, was by him, in his life-time, conveyed to the appellant and *John J. Schoonmaker*, and is now held by them ; and that the appellee now claims to avoid such deed, as not being valid as against the creditors of the grantor, and so, by the allowance of said bond as a debt against the estate, he will be enabled to sell said land for the payment of the debts so allowed, thereby depriving the appellant of the benefit of the conveyance made to him.

The appellant appeared in court and moved, that the appeal be dismissed, and no further proceeding be had thereon, stating, as the ground of such motion, that the only interest of the appellant in the appeal, was as a creditor of the estate, and that the amount of his claim, with interest and costs, had been tendered to him, and was now brought into court.

This fact was admitted, by the subsequent pleadings, terminating in a demurrer. The case was thereupon reserved for the advice of this court.

*Foster* and *Lippitt*, (with whom was *Wait*,) in support of the motion to dismiss, after remarking, that the object of the appellant in this appeal, was, to procure a review of the doings of the commissioners in allowing, as a just claim against the estate, the bond of 10,000 dollars, which he claimed should not be allowed ; and a like review of their doings in disallowing his book account, which he claimed should have been allowed ; contended, 1. That the appellant had no such *interest* in either of these subjects, as authorized him to take and prosecute the appeal. The question in regard to both, is resolvable into the single enquiry, whether he is a *creditor* of the estate ; for if he is not, the allowance of the bond was nothing to him. But this interest may, of course, be extinguished, by the payment of his debt ; and the record shows, that it has been paid in full. He is now a mere stranger to the estate, and can prosecute his appeal no further.

2. That the alleged interest of the appellant, in connexion with another person, to a parcel of real estate, conveyed to

*New-London*,
July, 1850.

Saunders
*v.*
Denison.

them, as he says, by the deceased, does not vary the question, so as to confer on him the right to prosecute this appeal. In the first place, the appellant does not represent the interest, if any there be, which is really involved. Such interest is vested in *Saunders* and *Schoonmaker*. But *Saunders* alone appears here, and appears only for himself. Secondly, the character of the interest is not such that those possessed of it could contest the allowance of the bond in question, even if they had taken their appeal properly, and were properly before the court. It is not a present vested interest, but contingent, and too remote to avail an appellant against an order of the court of probate accepting a report allowing the debt. The party, not being a creditor, heir, devisee or legatee, is not " aggrieved," within the meaning of the statute. Thirdly, it is too late, at this stage of the cause, to make this question. *Swan* v. *Wheeler*, 4 *Day*, 137. *Boynton* v. *Dyer*, 18 *Pick.* 1. Fourthly, the appellant cannot now, by uniting himself with third persons, who have never taken an appeal, and who are not in court, continue to prosecute an appeal which has been taken, the interest which enabled him to take that appeal having been wholly extinguished. The attempt to prosecute this appeal, under these circumstances, is, in effect, a new appeal, with new parties, and on entirely new grounds.

*Strong* and *McCurdy*, contra, contended, 1. That *Saunders*, as a creditor of the estate of *R. Woodbridge*, had such an interest as gave him a right to take the appeal. This is too obvious to be contested. And he was not bound, on his motion for an appeal, to set forth *all* the grounds on which he might claim it.

2. That the course of practice has always been, that the *reasons* of appeal, on which the cause is to be tried in the superior court, are to be there assigned, and not before the court of probate.

3. That as the appellant, in setting forth his reasons of appeal in the superior court, has stated, that he holds a conveyance of real estate from *R. Woodbridge*, which the appellee claims to be invalid against the creditors of the estate, this gives the appellant a right to prosecute his appeal. He is thus interested to defeat the appellee's claim ; for if it is established, the appellee may get an order of sale, and thereby

defeat the appellant's title to his land; which, even on the ground of the deed's being voluntary, is good against all but creditors.

4. That if there was a good and sufficient ground of appeal, the tender of the appellant's debt does not enable the appellee to defeat the appeal, and establish his claim against all the other creditors. This would require every creditor resisting the allowance of any claim, to take an appeal, or his right to resist the allowance would be defeated, by payment to or compromise with the appellant.

CHURCH, Ch. J.  A motion was made in the superior court, that this appeal should be erased from the docket.

The first reason suggested, in support of the motion, is, that the records of the court of probate do not show any interest in the appellant in the decree or order appealed from; and therefore, the appeal is void. But, as we understand the record, this reason is not true in fact. It appears that the appeal was taken by the appellant, as a creditor of the deceased, from the doings of the commissioners on his estate, in allowing the sum of ten thousand dollars, as a debt due from the estate to the executor; and the appellant claimed, that this was an illegal and unjust demand, and ought not to have been allowed. The interest of the appellant appears very clearly here. Every creditor of an estate represented insolvent, has, *prima facie,* an interest in the settlement of it. The allowance of such a claim as this, or of any other, may render the estate insolvent in fact; and if already so, may, and necessarily must, diminish the dividend to which the other creditors are entitled. In the case of *Swan* v. *Wheeler,* 4 *Day,* 137. no other interest appeared on the face of the appeal, than that the appellant was a son and heir of the deceased; and that sufficiently showed that he had an interest.

The extent of the appellant's interest, and how it is affected, by the order appealed from, is to be averred in the reasons filed in the superior court. In a suit at common law, the fact that the plaintiff has an interest, appears on the writ; but the particular circumstances, disclosing a right of recovery, appear only by proper traversable allegations in the declaration. The analogy is obvious.

A second reason for erasing this cause from the docket, is,

New-London,
July, 1850.

Saunders
v.
Denison.

that since it has been pending, the executor has tendered to the appellant the full amount of the debt claimed by him to be due, and has the money ready in court to pay it; and so the appellant is no longer a creditor, and can have no further interest to prosecute this appeal. This is a new fact, brought upon the record, by a traversable and issuable averment. We do not erase a cause from the docket, upon motion, unless the ground appears upon the record, when it is entered in the docket; but if a matter is stated as a cause of erasure, which is rather a matter of plea, as in this case, than of motion, we leave the parties to try the truth or sufficiency of the new facts alleged, upon an issue formed for that purpose. *Amidown* v. *Peck*, 11 *Metc.* 467. *State* v. *Wickwire*, 19 *Conn. R.* 477.

We do not assent to the claim of the executor, in this case, that the tender of the money to the appellant has paid his debt, and thereby has destroyed his interest in this appeal. If a debt be payable in collateral articles, a tender of them, at the time and place, will extinguish the claim; but a money demand is not satisfied by a tender, especially after it is due, unless the money be accepted. The appellant is still a creditor, and has an interest in the dividend to be declared, and may have good reasons for refusing the money tendered, which he is not bound to disclose.

All the creditors of this estate have an interest in contesting this large demand; and its validity could as well be examined upon an appeal taken by one creditor, as upon as many appeals as there were creditors interested, and at a much less expense; and therefore, such a course is the more to be approved. If such has been the arrangement between the creditors, it would be giving countenance to a mere trick, now to defeat it, in the manner attempted, after perhaps, the time of appeal for all other creditors had expired. In chancery proceedings, it is not unusual for some creditors to prosecute a bill in equity, in their own names, to enforce a remedy common to all, and for the benefit of all. *New-London Bank* v. *Lee*, 11 *Conn. R.* 112.

The appellant, in his reasons, sets up another ground of appeal, and another reason why he continues to prosecute it. Not that he is a creditor of the estate, but that he is a purchaser from the deceased. He claims, that the deceased, in

his life-time, conveyed certain lands and buildings to him and one *Schoonmaker*, of the value of four thousand dollars, and which the executor has caused to be inventoried as a part of the estate of the deceased, and which, he claims, is necessary, and threatens to sell, to pay the debts due from the estate, including the demand in controversy. The appellee, the executor, insists, that these facts constitute no good reason for proceeding with this appeal, and do not fortify or support the appeal.

The deed from the deceased to *Saunders* and *Schoonmaker*, was probably a voluntary deed, good as between the parties, and such as claim under them, but void as to creditors. If the appellant can show, that the debts due from the estate do not require the sale of this land, then he protects his title to it.

If this would have been a good ground of appeal originally; if an interest of this nature is such as the statute contemplates as necessary to give a right of appeal from an order or decree of a court of probate; then, we think, it may well be urged now as a good reason for proceeding with this appeal. Our statute authorizing appeals from probate, is broad enough in its terms, to include a case like this. The right of appeal is given to " all persons aggrieved, by any order, denial or decree," or by the doings of commissioners. *Stat. p.* 368. § 87. *p.* 370. § 96.

If this large demand of the executor, *Denison*, was allowed, it would become, in the settlement of the estate, a charge upon the land to which the appellant, otherwise, had a good title. He would thus be aggrieved, by the allowance of the claim, not only within the words, but within the meaning of the law. He might, perhaps, without this appeal, have had a right to protect his title against what he supposed to be an illegal and an unjust demand, by a bill in equity; but if he could, we see no good objection to his attempting the same thing, in this more simple and expeditious manner.

It is said, however, that, as he appealed only as a creditor, he cannot now prosecute his appeal in any other capacity. But the appellant took his appeal for the sole purpose of putting *Denison* upon the proof of his debt; and he now prosecutes it, for the same purpose, and no other. This claim of ten thousand dollars is the subject of controversy; and it

must be immaterial to the executor, whether *Saunders* contests it, in one capacity or another. We have already said, that the appeal was well taken; and if so, we do not well see why it may not be prosecuted for any reason, which still shows an interest in the appellant to controvert the claim in question. In appeals from common law courts, the practice is somewhat analogous, so far as the different constitution of the courts will admit. After a valid appeal from the county to the superior court, the addition of a new count is admissible, if it be consistent with the original cause of action, even if the original count be afterwards abandoned; and this is the practice of every day. Less regard is paid to the forms of proceeding in courts of probate, than in the common law courts.

The superior court will be advised to disallow the motion to erase.

In this opinion the other judges concurred.

Motion denied.