## HENRY NORTON'S APPEAL FROM PROBATE.

It is necessary that a party appealing from a decree of probate should have a pecuniary interest in the matter of the appeal.

And this interest must appear upon the motion for the appeal, unless it already appears upon the face of the proceedings, and an averment of it in the reasons of appeal in the appellate court is not sufficient.

A motion for an appeal from the probate of a will alleged that the appellant was a brother of the deceased. Held not to be an allegation of an interest.

APPEAL from the probate of a will; taken to the Superior Court in Hartford County.

The appeal described the appellant as "brother of said deceased," but did not state what interest he had as such in the matter of the appeal. In his reasons of appeal filed in the Superior Court he alleged that he was the heir at law of the deceased. The appellees moved that the case be erased from the docket, and the court (*Hovey, J.,*) ordered it erased. The appellant brought the record before this court by a motion in error.

*A. Hart,* for the plaintiff in error.

*C. E. Mitchell,* for the defendants in error.

GRANGER, J.   The questions involved in this case seem to have been fully settled in the case of *Swan* v. *Wheeler,* 4 Day, 137.   It is there held that in an appeal from probate it must appear that the appellant is a party interested, and that the proper place to aver such interest is not in the assignment of reasons before the Superior Court, but in the motion for

appeal before the court of probate.   This case is cited with approval in *Saunders* v. *Dennison*, 20 Conn., 521, and *Deming's Appeal from Probate*, 34 Conn., 201.   If the interest of the appellant already appears on the face of the proceedings in the probate court, it is sufficient, but otherwise it must be averred in the motion for the appeal.   In this case the court finds "that it does not appear in the motion for the appeal in the probate court, nor upon the face of the proceedings in that court, nor upon its records, that the appellant had or has any interest in, or was or is aggrieved by, the decree from which the appeal was taken."   This was a fatal omission and could not be remedied by any statement in the reasons of appeal.   For these reasons the appeal was invalid, and the Superior Court properly ordered the case to be erased from the docket.

No person has the right to appeal except a person aggrieved, and no person can be aggrieved within the meaning of the statute, unless he is interested in the estate, either as creditor, legatee or heir at law, or in some pecuniary manner.   A grievance to his feelings of propriety or sense of justice is not such a grievance as gives him a right of appeal.   The appellant might as well have alleged that he was the uncle or the cousin of the deceased as to have alleged that he was his brother.   It is by no means to be inferred that, because he was a brother, he had any interest in the estate.   The testator might have had children that would have inherited the estate, notwithstanding there were brothers or other near relatives.

There is no error in the judgment complained of.

In this opinion the other judges concurred.