MILO K. WOODBURY, TRUSTEE, APPEAL FROM PROBATE.

First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is no part of the duty of a trustee in insolvency to appeal from the
refusal of the Court of Probate to grant his application for an
extension of the time within which alleged creditors of the insol-
vent might present their claims to commissioners; nor has the trus-
tee such an interest, personal or representative, as entitles him,
under the statute, to take such an appeal.

Such an appeal, if taken by the trustee, will be erased from the docket
of the Superior Court upon motion of the appellee.

[Argued March 1st—decided March 24th, 1898.]

APPEAL from an order and decree of the Court of Pro-
bate for the district of Enfield denying the application of a
trustee in insolvency for an extension of time within which
creditors might present their claims against the insolvent
estate, taken to the Superior Court in Hartford County and
tried to the court, *Prentice, J.;* facts found and judgment
rendered in favor of the trustee, and appeal by Margaret
Raiche, a creditor, for alleged errors in the rulings of the
court. *Error and cause remanded.*

Milo K. Woodbury, the present appellee, as trustee in
insolvency of the estate of one Raiche, presented a petition
to the Court of Probate in which said estate was then in
process of settlement, alleging, in substance, that the time
limited by said court for the presentation of claims to the
commissioners upon said estate had expired; that through
inadvertence and mistake a number of creditors, represent-
ing over one third of the total liabilities of said estate, had
failed to present their claims within the time limited; that
said claims were justly due from said estate; and asking that
the time for presentation of claims be extended.

The court refused to extend the time, and from this order
and decree of refusal the trustee took an appeal to the Su-
perior Court.

The motion for said appeal alleged no other interest in Woodbury than as trustee in insolvency of said estate. Margaret Raiche, a creditor of said estate, appeared in the Superior Court and filed a motion to erase the case from the docket, "upon the ground that it does not appear upon said appeal that the appellant has any interest in the decree appealed from; and also that the appellant, as trustee of said estate, has no right to appeal from said decree." The court denied the motion, and upon further hearing rendered judgment reversing the probate decree appealed from, reopening the hearing before the commissioners, and extending the time for presentation of claims for the period of one month from the date of judgment.

From this judgment Margaret Raiche appealed to this court, and assigns for error the action of the Superior Court, (1) in denying the motion to erase; (2) in overruling two certain specified claims made by her on the trial; (3) in fixing by its judgment the limits of the extension of time, instead of leaving this to be done by the Court of Probate.

*Charles E. Perkins* and *John Hamlin*, for Margaret Raiche (appellant in this court).

*George B. Fowler*, for the trustee (appellee in this court).

TORRANCE, J. The first question to be considered is whether the motion to erase should have been granted, and that depends upon the further question whether the trustee, as such, had the right to appeal from the probate decree in question here.

It is well settled that to entitle a party to appeal in a case like this, he must have some pecuniary interest which the decree or order appealed from will in some way injuriously affect. *Norton's Appeal*, 46 Conn. 527; *Dickerson's Appeal*, 55 id. 223. Furthermore, the record must show that he has such an interest, and if it does not, or shows that he has none, the case will, on a motion to that effect, be erased from the docket. *Norton's Appeal*, *supra*; *Campbell's Appeal*, 64 Conn. 277.

The Superior Court in this case held, correctly enough, that the appellant must have a pecuniary interest in the subject-matter of the appeal. It also held that such interest may be " either in the appellant personally, or in another, with the duty in him, by virtue of his fiduciary relations or representative capacity, to protect it." This last, as a general statement of a general rule, is perhaps sufficiently accurate.

The trustee in insolvency is, unquestionably, for certain purposes and to a limited extent, the representative of both the debtor and the creditors. He takes the property upon a trust, first, to apply so much thereof as may be necessary to the payment of proven debts and attendant expenses, and secondly, to return whatever surplus may remain to the original owner. He also, like executors, administrators and receivers, and others who act in a representative capacity, is charged with the performance of certain duties in the interest of all concerned, such as protecting the property against unjust claims and demands, caring for and managing the estate in the interest of all to the extent of their proven rights, and seeing to it that its settlement is not unreasonably delayed nor made unreasonably expensive. *Williams* v. *Wadsworth*, 51 Conn. 277; *Greene* v. *Sprague Mfg. Co.*, 52 id. 330; *Merwin* v. *Austin*, 58 id. 22; *In re Wilcox & Howe Co.*, 70 Conn. 220.

Where the law imposes duties of this kind upon one acting in a representative capacity, it clothes him with power to perform them, and must, in such cases, hold that he has such an interest as entitles him to appeal under our statute relating to probate appeals. Thus, the right of an administrator or an executor to appeal from a probate decree, is recognized in *Lockwood* v. *Reynolds*, 16 Conn. 303; *Davis' Appeal*, 39 id. 395; *Hewitt's Appeal*, 58 id. 223; and it is common practice for executors, administrators and trustees in insolvency, to appeal from the doings of commissioners in allowing claims against the estate.

In this case the Superior Court held, in effect, that it was the duty of the trustee to see that no creditor " by accident

or mischance, or otherwise inadvertently or unwittingly" lost his "status" as creditor, and if this did happen, to do what he could to restore him to that status. If this were so, it would perhaps follow that the trustee in this case would have the right to appeal; but we are of opinion that the trustee is not charged with any such duty.

To establish the amount and validity of his claim, and to maintain his right to present it to the commissioners, are plainly duties that belong solely to the creditor. His right to perform them is neither suspended nor in any way abridged by the proceedings in insolvency. In performing them he is acting simply and solely in his own interest, and in a measure adversely to the rest of the creditors ; he is simply trying, in all that he does in this respect, to establish his standing as a creditor, and it should be done by him and at his expense, and not by other creditors or the debtor, and at their expense, through their representative, the trustee. If the creditor fails to establish his right to present his claim to the commissioners, or fails to establish the validity of his claim, or the amount of his debt as he claims it, he alone is the party aggrieved, and not the debtor, nor the other creditors, nor the trustee who for some purposes represents them.

The appellee in this court argues that if the trustee, under certain circumstances, as shown by some of the cases hereinbefore cited, can appeal from an order extending the time for presenting claims, there is no reason why he should not have the right to appeal from an order refusing to extend the time. The two cases are not analogous. In the former he is acting in the interest of the debtor and of all the creditors whose standing, as such, is undisputed, in a case where it is his duty to act in favor of a speedy and economical settlement; while in the latter he is charged with no duty to act, and is acting, if he acts at all, in favor of delay at the expense of the estate, in the interest of one or more parties whose standing as creditors is still in dispute.

A trustee may appeal from the allowance of a claim by the commissioners, but it does not follow from this that he can appeal from their action in disallowing a claim. In the one

case he may be aggrieved in his representative capacity because it may be his duty, at the expense of the estate, to oppose the claim; in the other he is not charged with the duty of establishing the claim at the expense of the estate, and is not aggrieved in his representative capacity by its disallowance.

So far as we are aware the practice, in cases of this kind, has always been in accordance with the views herein expressed. The creditor himself has ample power to protect his rights, and we see no good reason why he should call upon the trustee to do this for him at the expense of others. For these reasons we are of opinion that the court below erred in denying the motion to erase.

In this view of the case it is unnecessary to consider or decide the other errors assigned.

There is error in the judgment complained of and it is set aside, and the cause remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.