LILLIAN CANTY'S APPEAL FROM PROBATE (ESTATE OF ELIZABETH McLEAN).

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th—decided December 12th, 1930.

*Richard J. Connor,* for the appellant.

*John H. Mountain, Jr.,* with whom was *Clifford B. Wilson,* for the appellee.

PER CURIAM. This is an appeal from a decree of a Court of Probate admitting to probate as the last will of the testatrix an instrument executed on March 29th, 1930. In the motion for the appeal the appellant alleged that she is a legatee under that will and also under another will of the testatrix executed December 1st, 1925, and that she is aggrieved by the decree of the Court of Probate. The appellee filed a plea in abatement and motion to erase the appeal from the docket on the ground that it did not appear that the appellant was aggrieved by the decree of the Court of Probate. The appellant made a motion in the Superior Court for permission to amend the appeal, which the court denied. Inasmuch as the motion for the appeal is made in the Court of Probate and forms a part of the proceedings of that court, no amendment to it may be made in the Superior Court and the ruling was correct. The statute requires that in every appeal from probate the interest of the appellant shall be stated in the motion for appeal unless it appears on the face of the proceedings and records of the Court of Probate. General Statutes, § 4994. It is entirely consonant with the situation disclosed in the appeal that both wills formed a part of the proceedings and records of the Court of Probate and that from them a direct pecuniary interest of the appellant in the admission of the later one to probate appears. See *Norton's Appeal,* 46 Conn. 527, 528. The plea does not negative this situation; it does conclude "whereas said appeal should set forth how the appellant is aggrieved, in the absence of her grievance appearing elsewhere in the record"; but

the condition justifying the appeal we are considering would not necessarily appear upon the records of the Superior Court, to which the plea obviously refers in its concluding clause. Because in any dilatory proceeding in this case it would be necessary to set forth that the interest of the appellant did not appear on the face of the proceedings and records of the Court of Probate, the motion to erase did not lie and the plea in abatement was defective. Both should have been overruled.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.