## DISBROW, EXTRX'S, APPEAL FROM PROBATE
### (Estate of Ella J. Strang)

Superior Court      Fairfield County      File No. 60801

MEMORANDUM FILED APRIL 15, 1941.

*Henry C. Burroughs*, and *David Cronin,* of Bridgeport, for the Appellant.

*Frederick E. Morgan,* and *Charles A. Hopgood,* of Bridgeport, for the Appellees.

INGLIS, J. This is an appeal by an executrix from the decree of the Probate Court for the District of Bridgeport in removing her as such executrix. The appellees now move to

erase the appeal on the ground that the appellant is not aggrieved by the decree.

Section 4990. of the General Statutes, Revision of 1930, allows an appeal from a decree of a probate court only to such person as is aggrieved thereby. In order for a person to be aggrieved by such a decree it must appear either that he has a pecuniary interest which the decree affects adversely, or that he is acting in a representative capacity and those whom he represents have a pecuniary interest which is adversely affected. *Woodbury's Appeal*, 70 Conn. 455; *Norton's Appeal*, 46 id. 527.

It is noted that this appeal is taken by the appellant, not in her individual right, but in her representative capacity. She has taken the appeal as executrix. As such, she clearly is not aggrieved, because those whom she as executrix represents, *i.e.*, the creditors and legatees and devisees, are not adversely affected in any pecuniary way by her removal as executrix. It can make no pecuniary difference to them whether she or someone else acts as executor. Moreover, the decree of the probate court, good, as it is, until reversed or vacated, terminated her right to act as executrix. The case therefore is on all fours with *Avery's Appeal*, 117 Conn. 201, where it was held that a former administrator was not aggrieved so as to maintain an appeal from the decree of a probate court removing him as such administrator and admitting to probate a will of his decedent which had been discovered after his appointment.

Moreover, even though this appeal had been taken by the appellant in her individual capacity, still it could not have been maintained, because, as is pointed out in *Avery's Appeal, supra,* 206, inasmuch as this decree did not fix her compensation nor affect the validity of her acts as executrix so as to involve personal liability therefor, the only pecuniary loss she has suffered is a deprivation of possible future compensation as executrix. This is not sufficient to put her in the class of aggrieved persons.

Inasmuch as the fact that the appellant is aggrieved is a jurisdictional fact, a motion to erase the appeal is proper procedure where the appellant is not aggrieved by the decree appealed from. *Norton's Appeal, supra.* Such a motion may be made at any time.

The motion to erase the appeal is granted.