JOHN H. SACKSELL *v.* GURNEE H. BARRETT ET AL., EXECUTORS (ESTATE OF VIVIEN M. SACKSELL).

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 3—decided May 17, 1945.

*Herman M. Levy,* with whom was *William L. Hadden,* for the appellant (plaintiff).

*Richard J. Cronan* of the New York bar, with whom was *J. Gerald Hannon,* for the appellees (defendants).

BROWN, J.   On May 24, 1941, the plaintiff and Vivien Maxwell, in contemplation of their approaching marriage, executed a written contract under seal.

It recited that each desired to retain full ownership and possession of any property he or she then owned or might subsequently acquire and that upon his or her death the survivor should have no claim to it. By its terms each was to have to his or her sole and separate use, free from interference and control by the other, the property of which he or she was seised or possessed at the time of the marriage or which he or she might thereafter acquire. It further provided that she agreed with him "to accept his promises and covenants herein contained in place and satisfaction of any and all claims which she might have against the property and estate" belonging to him, and it contained a similar agreement on his part to accept her promises in satisfaction of any claim he might have against her property. Each also agreed to release and convey to the other or to his or her estate all right and interest he or she might have had in said property if this agreement had not been made, upon request by the other or by his or her representative. Both were of full age and the agreement was fairly made for adequate consideration. On May 26, 1941, the parties intermarried. On October 24, 1942, she died domiciled in Greenwich, leaving him as her sole heir. On December 14, 1942, the Greenwich Probate Court admitted to probate an instrument dated September 16, 1942, as her last will and testament. The plaintiff took an appeal to the Superior Court in which he claimed an interest as widower and heir-at-law of the deceased. He is not a legatee under the will. At the time he executed the contract above recited, his estate consisted of some $300. The estate of the testatrix showed an inventory value in excess of $100,000. These facts are undisputed.

The defendants are entitled to have the finding corrected so that, instead of stating that neither party to

the contract received from the other what was intended as a provision in lieu of the statutory share of the surviving husband or wife as provided in § 5156 of the General Statutes, it will set forth that by the execution of the contract and the exchange of covenants therein the plaintiff intended to receive, and did receive, what was intended as a provision in lieu of his statutory share of the decedent's estate, and intended to and did waive, abandon and surrender any and all interests in the estate of his prospective wife either as a widower or an heir-at-law. This result necessarily follows from the undisputed evidence consisting of the plaintiff's letter, Exhibit 1, his testimony concerning it, and the terms of the contract, in view of our determination, discussed below, as to the effect of § 5156 of the General Statutes.

On January 7, 1943, the plaintiff, alleging that he was the "widower, an heir at law of the deceased," and that he "is aggrieved" by the Probate Court's decree admitting the will to probate, took an appeal to the Superior Court. The defendants filed a plea in abatement on the ground that by the contract of May 24, 1941, the plaintiff "received from Vivien Maxwell Sacksell what was intended as a provision in lieu of the statutory share of John Henry Sacksell in the estate of Vivien Maxwell Sacksell," and that he "is not aggrieved." The court sustained the plea and rendered judgment for the defendants. Subsequently, the court granted the plaintiff's motion for a new trial upon the ground of newly discovered evidence. The plaintiff thereafter filed a substituted answer to the plea consisting of a denial and of three special defenses: (1) the plaintiff is the widower, the only heir-at-law of the deceased and, therefore, a party aggrieved; (2) the contract is invalid and of no effect because it does not provide that the plaintiff receive

"what was intended as a provision in lieu of" his statutory share in the deceased's estate as provided for in § 5156, and at no time did he receive such a provision; (3) on August 7, 1941, the deceased executed a last will naming the plaintiff as a substantial beneficiary, and she subsequently executed the will made the subject of this appeal in which the plaintiff is not named a beneficiary, with the result that the plaintiff, as a legatee under the first will and cut off as such under the second, is a party aggrieved. The court concluded that the contract of May 24, 1941, was "an antenuptial agreement as distinguished from a statutory agreement contemplated by Section 5156"; that it divested the plaintiff of his statutory rights in his wife's estate; that the plaintiff had no appealable interest; that the third special defense constituted "an attempt to amend and enlarge an appeal in this Court whereas the motion for appeal must be made in the Probate Court"; and that the defendants' plea in abatement should be sustained. It rendered judgment for the defendants and the plaintiff has appealed.

The first question for decision is whether the contract of May 24, 1941, was effective, under § 5156, which defines the property rights of a surviving spouse, to terminate the plaintiff's rights as surviving husband. This involves a determination of the effect of this sentence in the statute: "The provisions of this section with regard to the statutory share of the surviving husband or wife in the property of the other shall not apply to any case in which, by written contract made before or after marriage, either party has received from the other what was intended as a provision in lieu of such statutory share." The plaintiff's contention as we understand it, is that either the actual delivery to and receipt by him of an existing physical consideration, such as money or other tangible

property, transferred in execution of the agreement, or a promise of such a transfer to be made at or before his wife's death should he survive her was essential to constitute "a provision in lieu" of his statutory share under the statute. The consideration which he received by the terms of the contract did not fall within this restricted category. In addition to that of the marriage itself, it consisted rather of the release by her to him of all her claim or right to all property owned by him at the time of the marriage or which he might thereafter acquire. Obviously, a consideration might well be of the nature which the plaintiff claims essential and yet have far less value than consideration of the kind specified in the contract. To construe the sentence as claimed by the plaintiff would by no means insure the better carrying out of "the purpose of the statute to provide for the protection of the surviving spouse in making suitable provision for his maintenance and support." *Bankers Trust Co.* v. *Greims,* 110 Conn. 36, 48, 147 Atl. 290.

The significant words of the sentence are "what was intended as a provision in lieu of such statutory share." There is nothing in these words to connote that the "provision" referred to must consist of consideration in the restricted sense claimed by the plaintiff. They suggest rather the fullest freedom in the parties to contract for a consideration of the sort and kind which they decide will best afford the "provision" referred to. The plaintiff has suggested no convincing reason for holding otherwise. None of the authorities which he cites bear out his contention, notwithstanding the fact that this statute has been in force since it was originally enacted in 1877 (Public Acts, 1877, Chap. 114, § 4). The survivor's interest under the provisions of the act, by which a husband and wife each was given certain rights in the estate of the other,

took the place of the rights which had previously existed. One of these rights was in the nature of dower to the wife. See *Brown's Appeal,* 72 Conn. 148, 153 et seq., 44 Atl. 22. In the light of that fact, it is significant that it was early held by this court that an agreement by husband and wife upon the consideration that the survivor released his or her interest in the other's estate was enforceable in equity. *Andrews* v. *Andrews,* 8 Conn. 79, 84. Furthermore, since the adoption of the 1877 act, in deciding whether a widow could by agreement bar her claim to the share which the statute provides, we said: "On principle there appears to be no good reason why such an agreement, if fairly made and entered into, by a woman of full age, for adequate consideration received, should not be binding upon her." *Staub's Appeal,* 66 Conn. 127, 134, 33 Atl. 615. The same holds true here of the plaintiff's agreement releasing his statutory interest. Upon the finding as corrected, it is manifest that the provision made for the plaintiff satisfied the essential requirement above quoted. By reason of our view with relation to the application of the statute, it is unnecessary to discuss the court's conclusion, concerning which counsel have argued at length, that the contract was "an antenuptial agreement as distinguished from a statutory agreement" under § 5156. Though this conclusion was erroneous, the court, for the reasons we have stated, was correct in concluding that the contract divested the plaintiff of his statutory rights in his wife's estate. Conn. App. Proc., § 18.

The plaintiff further contends that, even though his claim as surviving husband and sole heir is thus barred, the defendants cannot prevail upon their plea because he is also aggrieved as a legatee under the earlier will of August 7, 1941. The appeal allowed by the Probate Court originally returned to the Superior Court con-

tained no such claim. It was first asserted on October 15, 1943, by the filing in the Superior Court of the third special defense of the plaintiff's substitute answer. The defendants answered this special defense but at the trial moved that it be stricken, and the issue was tried as one of law raised by demurrer. The gist of the defendants' claim was that, even if the prior will existed, the plaintiff could not be permitted to introduce this new ground of appeal. The question is whether the plaintiff's motion for appeal could be in effect amended by the filing of this special defense alleging his interest as legatee under a prior will, thus enlarging the scope of the appeal originally taken to permit proof of this claimed interest of the plaintiff.

The appeal is entirely statutory; *Sears* v. *Terry,* 26 Conn. 273, 285; and § 4994 provides: "In each appeal from probate or from the doings of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest shall appear on the face of the proceedings and records of such court of probate." See *Woodbury's Appeal,* 70 Conn. 455, 456, 39 Atl. 791. So far as the record before us shows, the plaintiff's interest as legatee under the prior will does not appear in the probate records. The plaintiff's contention cannot be sustained unless the words "widower, an heir at law of the deceased" in his original motion for an appeal to the Superior Court constitute a statement of his "interest" as "a legatee in the prior will." As this court has declared, "Inasmuch as the motion for the appeal is made in the Court of Probate and forms a part of the proceedings of that court, no amendment to it may be made in the Superior Court." *Canty's Appeal,* 112 Conn. 457, 458, 152 Atl. 585. The Superior Court cannot enlarge the scope of the appeal. *Wildman's Appeal,* 111 Conn. 683, 686, 151 Atl. 265. In so far as the case of

*Saunders* v. *Denison,* 20 Conn. 521, conflicts with this conclusion, it was impliedly overruled by this court's conclusion in *Norton's Appeal,* 46 Conn. 527, 528, which the legislature adopted in enacting the statute, and it is now expressly overruled.

The allegation that one is "aggrieved" of itself constitutes a mere legal conclusion and is insufficient to show the "interest" essential under § 4994, in the absence of facts alleged which substantiate it. *Campbell's Appeal,* 64 Conn. 277, 292, 29 Atl. 494; *Averill* v. *Lewis,* 106 Conn. 582, 588, 138 Atl. 815. To satisfy the requirement in § 4994 that "the interest of the appellant shall be stated in the motion for appeal," facts showing the basis of the appellant's pecuniary interest, and so its nature, must be alleged. The claimed interest of the plaintiff as heir is patently different from that as legatee. It is true that each comprises a pecuniary interest. See *Buckingham's Appeal,* 57 Conn. 544, 546, 18 Atl. 256; *Norton's Appeal,* supra; *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 69, 26 Atl. (2d) 234. However, not only would these interests presumably differ in the nature and amount of property involved but their existence must depend upon different relationships and facts. It follows that to hold that the plaintiff's interest as legatee could be the basis of his appeal in this case would be to amend and enlarge his appeal in the Superior Court in violation of the authorities already quoted. The trial court did not err in concluding that the third special defense constituted an ineffective attempt to enlarge the plaintiff's original appeal.

The plaintiff claims that the plea is defective in failing to state how he "might, or should, have brought his action in order to avoid" the grounds alleged; General Statutes, § 5506; but, as those grounds could not have

been avoided, the situation falls within the qualification of the requirement in that statute: ". . . if they are such as could have been avoided." His final claim is that, since § 4994 requires that the interest of the appellant be stated in the motion for appeal unless it appears on the face of the probate proceedings, the plea was defective in failing to negative this alternative. The plaintiff's claimed interest under the 1941 will was first presented in a substitute answer filed after the granting of a motion for a new trial in the Superior Court on the ground that the will constituted newly-discovered evidence. It could not have appeared in the probate proceedings. The situation is unlike that in *Canty's Appeal*, 112 Conn. 457, 458, 152 Atl. 585, where it was quite consonant with the facts of record that the claimed interest did so appear. The defect in the plea was wholly technical and on a remand of the case could and probably would be remedied by amendment. *Mitchell* v. *Smith*, 74 Conn. 125, 126, 49 Atl. 909. To send the case back for this defect would exalt technicalities above substance and would not serve the ends of justice. Conn. App. Proc., § 41.

There is no error.

In this opinion MALTBIE, C. J., JENNINGS and DICKENSON, Js., concurred; ELLS, J., dissented.