## Margaret Hill v. William J. Falsey, Executor (Estate of Jennie Chisholm)

Superior Court      New Haven County      File No. 74330

Memorandum filed February 28, 1951.

*Franklin Coeller,* of New Haven, and *Joseph N. Perelmutter,* of Seymour, for the Plaintiff.

*Carl A. Lundgren* and *Herman D. Silberberg,* of Ansonia, *Heyman & Katz,* of Danbury, *John A. Mele* and *Edward L. Reynolds* (specially), of New Haven, for the Defendant.

KING, J.   This is an appeal from a decree of the Probate Court for the district of Ansonia, entered on July 10, 1950, admitting to probate as the last will and testament of Jennie Chisholm, late of Ansonia, deceased, an instrument dated April 13, 1935.

Paragraph 1 of the motion for an appeal alleged that the contestant ( appellant) was an heir at law of the deceased, while paragraph 3 alleged that she was aggrieved.  No other statement of her interest appeared.  The proponents (appellees) filed a plea in abatement, which the contestant answered, and to the special defense of the answer the proponents filed a reply.  This motion seeks to have the court determine upon whom lies the burden of proof on the plea in abatement, which attacks the allegations of interest of the appellant.  As a practical matter this question must be determined in any event at the hearing on the plea, and it is obviously better for all parties and their counsel

that they have advance knowledge of the court's ruling. Consequently, although the motion is unusual, the court has decided to pass upon it.

The over-all burden of proof (risk of nonpersuasion) that an appellant is an aggrieved person is on the appellant, since if he is not an aggrieved person his appeal is void. *Palmer* v. *Reeves*, 120 Conn. 405, 409. In order to be an aggrieved person, he must have a pecuniary interest which the decree from which the appeal is taken injuriously affects. *Spencer's Appeal*, 122 Conn. 327, 331. And whenever this question of lack of interest, as a fact, is raised, it is the court's duty to pass upon it. *Olmstead's Appeal*, 43 Conn. 110, 114.

The only statement of interest in the appeal here was that the appellant was an heir at law. This statement cannot be amended in the superior court. *Sacksell* v. *Barrett*, 132 Conn. 139, 146. It was, however, adequate, if true. *Dickerson's Appeal*, 55 Conn. 223, 229. And here there are no allegations of subordinate facts necessarily inconsistent with the accuracy of the allegation of the ultimate fact that the appellant is an heir at law, as was the case, for example, in *Campbell's Appeal*, 64 Conn. 277, 292.

Paragraphs 1, 3, 4 and 5 of the plea in abatement attack, as defective in various ways because inadequate, the statement of the appellant's interest in the motion for appeal as that of an heir at law. Each of these four paragraphs raises only the question as to the proper forms of an allegation of interest in a motion for an appeal. This is a matter of pleading only, and so is a pure question of law and can and must be determined on the face of the pleadings, and without the introduction of evidence. *Canty's Appeal*, 112 Conn. 457, 458; *Dickerson's Appeal*, supra; *Orcutt's Appeal*, 61 Conn. 378, 383. No question of fact, and, so, no question of burden of proof, is involved in any of these four paragraphs.

On the other hand, paragraph 2 of the plea in abatement alleges that the appellant "is not related to said decedent." If this is true, as a fact, then the appellant could not be an heir at law, and she could have no interest at all. *Sacksell* v. *Barrett*, supra. Thus paragraph 2 raises an issue of fact which can be resolved only by trial. And, as previously pointed out, the over-all burden of proof (risk of nonpersuasion) as to this basic factual issue is on the appellant.

There remains the relatively unimportant question of the burden of going forward with the evidence. Since paragraph 2 of the plea in abatement does not affirmatively set up a relationship inconsistent with being an heir at law but merely denies all relationship whatsoever, it amounts to a simple denial that the appellant is an heir at law.

It follows that the appellant-contestant has the burden of going forward with the evidence and also the true burden of proof (risk of nonpersuasion) on the factual issue (paragraph 2 of plea in abatement) of whether she is so related to the decedent as to be an heir at law, and, so, aggrieved.

Of course it was wholly improper to join issue by an answer to reasons 1, 3, 4 or 5 of the plea in abatement, since no one of them raises any traversable issue of fact. The special defense of the answer was wholly improper. *Canty's Appeal,* supra, 459.

It may be noted in passing that the plea in abatement might have been improved had it simply alleged, as this factual ground of abatement, that the allegation in the motion for appeal that the appellant's interest was that of an heir at law was denied. This allegation in the motion for an appeal, as previously pointed out, is essential to a valid appeal and cannot be amended in the Superior Court. *Sacksell* v. *Barrett,* 132 Conn. 139, 146. Had this method of pleading been adopted it is probable that no need would have arisen of making the present motion for a ruling as to the burden of proof.