EXCHANGE BUFFET CORPORATION *v.* WILLARD B. ROGERS ET AL., EXECUTORS (ESTATE OF HARRY S. BOND)

EARL E. BOND ET AL. *v.* WILLARD B. ROGERS ET AL., EXECUTORS (ESTATE OF HARRY S. BOND)

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued November 7—decided December 30, 1952

*Frank R. Odlum,* for the appellants (plaintiffs).

*Louis M. Schatz,* with whom, on the brief, was *Lillian L. Malley,* for the appellees (named defendant et al.).

BALDWIN, J.   These appeals raise the identical question and will be considered as a single appeal. The plaintiffs appealed to the Superior court from a decree of the Probate Court for the district of Hartford.  They alleged, in substance, that, in the first captioned case, one of them was an assignee of

various legacies under the will of Harry S. Bond and, in the second, the other two were legatees under the will, and that, as such, they had a pecuniary interest in the estate; that the Probate Court, upon the petition of two of the coexecutors of the estate, who are defendants, ordered the removal of Frances K. Pushe, a third coexecutor; and that the plaintiffs were "aggrieved by said order." The defendant executors filed a motion to erase for want of jurisdiction. This alleged that the plaintiffs had failed to show in what way their pecuniary interest was injuriously affected by the order of the Probate Court. The Superior Court granted the motion and directed that judgment be entered dismissing the appeal. The plaintiffs have appealed from this judgment.

The decision of this case turns upon the answer to the question whether the plaintiffs' appeal from the Probate Court contains the allegations necessary to confer jurisdiction upon the Superior Court to hear and decide it. Section 7071 of the General Statutes provides that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court." Section 7075 requires that the appellant state his interest in his motion for appeal unless that interest appears on the face of the proceedings and records of the Court of Probate. When acting upon an appeal from probate, the Superior Court is exercising special and limited powers conferred upon it by statute. Unless the appeal complies with the conditions designated by the statutes as essential to the exercise of those powers, the Superior Court is without jurisdiction. *Palmer* v. *Reeves,* 120 Conn. 405, 408, 182 A. 138. For the appeal to come within the statutes, it must be apparent from

the allegations in the motion for appeal, or upon the face of the probate records, that the appellant has an "interest" which the decree appealed from affects to his injury. *Norton's Appeal,* 46 Conn. 527, 528; *Dickerson's Appeal,* 55 Conn. 223, 228, 10 A. 194; *Woodbury's Appeal,* 70 Conn. 455, 456, 39 A. 791; *Avery's Appeal,* 117 Conn. 201, 202, 167 A. 544; *Sacksell* v. *Barrett,* 132 Conn. 139, 147, 43 A.2d 79; 1 Locke & Kohn, Conn. Probate Practice, p. 404.

In this case we are confined to the allegations in the motion for the appeal. The probate records are not before us. If the plaintiffs rely on them, they should have been incorporated in the motion for appeal by annexing copies to it or, at least, by making a specific reference in it. In so far as *Canty's Appeal,* 112 Conn. 457, 152 A. 585, requires that a motion to erase negative the existence of essential facts in the probate records which would confer jurisdiction, it is overruled. The plaintiffs allege that they are legatees and an assignee of legacies under the will of the testator; that, as such, they have a pecuniary interest in his estate; and that they are aggrieved by the order of the Probate Court. Each of the last two allegations is a mere statement of a legal conclusion. *Campbell's Appeal,* 64 Conn. 277, 292, 29 A. 494; *Averill* v. *Lewis,* 106 Conn. 582, 588, 138 A. 815; *Sacksell* v. *Barrett,* supra, 147. The allegations are insufficient because they do not show how the pecuniary interest of the plaintiffs is affected to their disadvantage and why they are "aggrieved."

The assignments of error raise certain procedural questions which we must consider. The plaintiffs claim that a motion to erase was not the proper pleading to test the jurisdiction of the court. Since the appeal failed to allege affirmatively facts that

were essential under the statute to confer jurisdiction upon the Superior Court, it was defective upon its face. A motion to erase was the proper pleading to raise that legal issue. *Campbell's Appeal,* 64 Conn. 277, 292, 29 A. 494; *Woodbury's Appeal,* 70 Conn. 455, 456, 39 A. 791; *Avery's Appeal,* 117 Conn. 201, 202, 167 A. 544; 1 Locke & Kohn, Conn. Probate Practice, p. 428. It serves the same purpose as a demurrer. *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443, 143 A. 568; see *Swan* v. *Wheeler,* 4 Day 137, 140.

The plaintiffs also claim that the motion to erase raised issues of fact and that they should have been permitted to introduce evidence to support the allegations of their appeal by showing "how or in what way" their pecuniary interest was injuriously affected. An appeal from probate is taken and allowed in the Probate Court. It is a part of the proceedings of that court. Its legal insufficiency cannot be cured in the Superior Court by amendment or by offering testimony to overcome a defect apparent on its face. The court was correct in refusing to hear evidence. *Sacksell* v. *Barrett,* 132 Conn. 139, 147, 43 A.2d 79; *Wildman's Appeal,* 111 Conn. 683, 686, 151 A. 265.

In their motion to erase, the defendants alleged, in addition to the failure of the plaintiffs to show in what way they were aggrieved by the order of the Probate Court, that the plaintiffs were not, and could not be, injuriously affected by the decree. This allegation was surplusage. The motion to erase properly raised the issue when it pointed out the defect in the plaintiffs' motion for appeal. It was not incumbent upon the defendants to allege that, in fact, the interest of the plaintiffs was not and could not be affected, or that they were not aggrieved.

In response to the plaintiffs' request, the court filed a so-called finding. It contains no more than a recital of facts that appear on the record, the court's conclusion and the plaintiffs' claims. The defendants' motion was predicated upon a defect apparent on the face of the proceedings. No finding was necessary. Maltbie, Conn. App. Proc. § 70; Practice Book § 385.

There is no error.

In this opinion the other judges concurred.