BARBARA CIGLAR *v.* LAWRENCE FINKELSTONE, EXECUTOR (ESTATE OF JOSEPH CIGLAR, SR.), ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 3—decided June 7, 1955

*Samuel Reich,* with whom were *Robert Epstein* and *George A. Saden,* for the appellant (plaintiff).

*Lawrence S. Finkelstone,* with whom were *George N. Finkelstone* and, on the brief, *Lawrence E. Levy,* for the appellees (named defendant et al.).

*John H. Shannon* appeared for the appellees (defendants Spisak et al.).

INGLIS, C. J. On January 26, 1954, the plaintiff filed in the Probate Court for the district of Fairfield her motion for appeal from a decree of that court dated January 18, 1954, admitting to probate the will of Joseph Ciglar. The appeal was allowed and made returnable to the Superior Court on the first Tuesday of March. In the motion the only allegations relating to the interest of the plaintiff in the decree were that she was the heir at law of the decedent and was aggrieved by the decree. Before the return day of the appeal, the defendant executor and the defendant Joseph Ciglar, Jr., hereinafter called the defendants, filed in the Superior Court a pleading entitled "Appellees' Plea to the Jurisdiction." In that plea it was moved that the "cause be erased from the docket . . . for want of the jurisdiction" on the ground that the motion for appeal failed to allege what the plaintiff's interest in the estate was and in what manner her interest had been adversely affected by the decree.

On April 1, 1954, with the permission of the Probate Court, the plaintiff filed in that court an amendment of her motion for appeal in which she added to the allegations of her former motion the statement that she was the daughter of the deceased and that as heir at law she would be entitled to a share of the estate which would be substantially greater than she would receive under the will. Whereupon the defendants filed another plea to the jurisdiction and motion to erase on the ground that the Probate Court had no power to allow the amendment of the motion for appeal. The plaintiff then demurred to both pleas to the jurisdiction, claiming that the original motion for appeal complied with all the requirements of law and that the Probate Court did have power to allow the amendment. She also moved to

strike out the plea to the jurisdiction because, she alleged, the issues raised thereby could properly be put in issue only by a motion to erase. The Superior Court overruled the demurrers and sustained the defendants' plea to the jurisdiction and motion to erase and rendered judgment dismissing the appeal. From this judgment the plaintiff has appealed.

The appeal presents three issues. They are (1) whether the allegation in the plaintiff's original motion for appeal that she was an heir at law and aggrieved by the decree appealed from is a sufficient compliance with the requirements of the law; (2) whether the Probate Court had the power to allow the amendment of the motion for appeal; and (3) whether the question of the adequacy of the allegations of the motion for appeal was properly raised by a plea to the jurisdiction rather than by a motion to erase. As we view the case, it is necessary to discuss only the first of these issues.

Section 7071 of the General Statutes provides that any "person aggrieved" by any order or decree of a court of probate may appeal therefrom to the Superior Court. Section 7075 reads: "In each appeal from probate . . . the interest of the appellant shall be stated in the motion for appeal, unless such interest shall appear on the face of the proceedings and records of such court of probate." By virtue of the first of these sections, the Superior Court can take jurisdiction of an appeal from probate only when the appellant is in fact aggrieved by the order or decree appealed from. A person is so aggrieved only when some pecuniary interest of his is adversely affected by the order or decree. *Weidlich* v. *First National Bank & Trust Co.*, 139 Conn. 652, 656, 96 A.2d 547. By reason of § 7075, the appellant is required as a matter of procedure to set forth in his

motion for appeal, either expressly or by reference to specific records in the Probate Court, the interest which he claims has been adversely affected. *Feigner* v. *Gopstein,* 139 Conn. 738, 742, 97 A.2d 267; *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 377, 94 A.2d 22. In the present case neither plea to the jurisdiction put in issue the question whether the plaintiff was actually aggrieved by the decree admitting the will. The only question raised was whether the allegation that the plaintiff was an heir at law and aggrieved by the decree was sufficient to satisfy the requirements of § 7075.

Manifestly, an heir at law of a decedent has an interest in the decedent's estate. *Taylor* v. *Gillette,* 52 Conn. 216, 217; *Norton's Appeal,* 46 Conn. 527, 528. Since the existence of a will ordinarily requires the distribution of an estate in a manner different from that prescribed by the Statute of Distributions, under which an heir at law would take, the admission of a will to probate at least prima facie affects adversely the interest of an heir at law. It follows that in an appeal from the admission of a will to probate an allegation in the motion for appeal that the appellant is an heir at law is adequate to satisfy the requirement of § 7075 that the interest of the appellant which has been adversely affected be set forth. *Dickerson's Appeal,* 55 Conn. 223, 229, 10 A. 194; 1 Locke & Kohn, Conn. Probate Practice, p. 404; see *Swan* v. *Wheeler,* 4 Day 137, 140.

The cases cited by the trial court in its memorandum of decision and those relied upon by the defendants to support the contention that an allegation by an appellant that he is an heir at law is not sufficient are all distinguishable. They fall into three categories. First, there are cases in which the decree appealed from was of such a nature that it

could have no effect on any interest of an heir at law. *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* 139 Conn. 733, 97 A.2d 265; *Sacksell* v. *Barrett,* 132 Conn. 139, 43 A.2d 79; *Averill* v. *Lewis,* 106 Conn. 582, 138 A. 815. These cases clearly are not pertinent to the case at bar. Secondly, there are several cases in which there was no allegation that the appellant was an heir at law, and therefore the question of the sufficiency of such an allegation was not in question. *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 94 A.2d 22; *Canty's Appeal,* 112 Conn. 457, 152 A. 585; *Norton's Appeal,* 46 Conn. 527. In the third place, there is *Campbell's Appeal,* 64 Conn. 277, 29 A. 494. In that case, although there was an averment that the appellant was an heir at law, other facts alleged made it clear that he was not. The case was decided on the ground that the motion for appeal showed that the appellant was not an heir at law, and not on the ground that an allegation that he was an heir at law was insufficient. Obviously, *Campbell's Appeal,* supra, does not hold that the allegation that an appellant is an heir at law is not sufficient compliance with the requirements of § 7075.

We therefore conclude that the plaintiff's original motion for appeal contained a sufficient statement of her interest which had been adversely affected by the decree appealed from and that the trial court was in error in concluding otherwise.

There is error, the judgment is set aside and the case is remanded with direction to overrule the pleas to the jurisdiction and to proceed thereafter in accordance with law.

In this opinion the other judges concurred.