[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 26, 1997
Joseph Rindos executed a document which is claimed to be his will. He died on October 6, 1995 and Herman Solomon was named as executor. Mr. Solomon filed a Motion for Admission of the will to probate. On November 16, 1995, the Probate Court made orders and decrees to the effect that the will of the decedent was admitted to Probate as his last will and testament and Herman Solomon was appointed as executor. Steven Rindos is a surviving brother of the decedent and Marjorie Rindos is the daughter of Steven Rindos. On October 16. 1996, an appeal from probate was allowed by a judge of that court. The appeal papers were filed in Superior Court on November 8, 1996. On November 20, 1996, the court file indicates that an appearance was filed by counsel for the defendant Solomon as executor of the decedent's estate.
On January 6, 1997, the defendant executor filed a Motion to Dismiss claiming Marjorie Rindos is not an heir at law of the decedent and therefore is not aggrieved under § 45a-186 of the General Statutes; Steven Rindos has not given security or recognizance to pursue the appeal pursuant to the same statute; the Motion for Appeal fails to set forth the interest of the appellants on which the appeal is premised under § 45a-191 of the General Statutes and thus neither appellant is aggrieved under § 45a-186; and that both appellants being Connecticut residents have failed to take their appeal within 30 days of the orders complained of so that the appeal is untimely under §45a-187 of the General Statutes.
Since the filing of the Motion to Dismiss, Marjorie Rindos has withdrawn her appeal, in any event the court has granted the Motion to Dismiss as to the appeal of Marjorie Rindos. The defendant has further argued that since only Marjorie and not Steven Rindos filed a security and recognize there is now no recognizance in the appeal before the court so that the court lacks subject matter jurisdiction. The court will now discuss the CT Page 2611 issues that remain to be decided on this motion.
 (1) RECOGNIZANCE
Section 45a-186 certainly says that an aggrieved person "shall give security for costs." There is no dispute here that Steven Rindos did not give a recognizance and surety. However, the record indicates that the Motion to Dismiss was filed well over 30 days after the defendant filed his appearance. (P.B. § 142.) If a "jurisdictional" defect does not go to subject matter jurisdiction (P.B. § 145) but is based on a claim of "insufficiency of process" such a claim is waived if not raised by a Motion to Dismiss filed within 30 days after an appearance is filed. (P.B. §§ 142, 144.) The question is then whether failure to file recognizance and surety deprives the court of subject matter jurisdiction.
As pointed out in Connecticut Estates Practice, ProbateLitigation (Folsom), some irregularities make an appeal from probate void, as where the appeal is filed by a person who is not aggrieved. Palmer v. Reeves. 120 Conn. 405 409 (1935), or where the appeal is taken to the wrong court. Orcutt's Appeal,61 Conn. 378, 383 (1892). In Orcutt's Appeal the court itself noted that some irregularities are only "voidable" such as the "want of a bond on the probate appeal," id. 383. citing Bailey v. Woodworth,9 Conn. 387, 389 (1832), also see Bailey et al. v. Estate ofDickenson, 13 Conn. Sup. 440, 441 (1945), Fuller v. Marvin,107 Conn. 354, 357 (1928). Matters that render an appeal void go to the very capacity of a court to hear the type of claim made and where the irregularity voids the appeal the court has no subject matter jurisdiction. Failure to give bond or recognizance as the above cited cases suggest does not go to the power of the court to hear the case before it. Language in the older cases suggesting the posting of bond is a necessary condition of a proper statutory appeal from probate only hold that such an appeal would have been subject to a plea in abatement or a present motion to dismiss but the defect is not such as to deprive the court of jurisdiction if the party who would be entitled to press such a pleading waives his or her right to do so.
The statutory requirements of zoning appeals pursuant to § 8-8 of the General Statutes have always been strictly enforced by the courts and there is no apparent reason why the CT Page 2612 issue now before the court should be treated differently under that statutory scheme than the statutory scheme involving appeals from probate. In fact it makes sense to treat such issues similarly. Therefore, the language in Sheehan v. ZoningCommission, 173 Conn. 408, 410-11 (1977) is instructive:
 Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal . . . a statutory provision requiring such a bond is solely for the benefit of the defendant . . . The plaintiff's failure to provide a proper bond or recognizance was a serious irregularity but it did not destroy the jurisdiction of the court over the subject matter of this action . . . Since the omission was not fatal to the appeal, it could have been waived by the defendant . . . and could have been cured by the plaintiff's filing a timely amendment
If the claimed defect, as here, does not go to the power of the court to hear the matter but involves a statutory requirementfor defendant's benefit, then a defendant can be held, in certain circumstances, to have waived the defect which he or she could have otherwise taken advantage of to have the action dismissed. This is a way the courts have avoided the harsh results that would flow from a too wooden application of rules that say since a statutory right not existing at common law is involved there must be strict compliance with statutory requirements. In any event, the court will not dismiss the appeal based on the recognizance issue.
 (2) AGGRIEVEMENT AND APPELLANTS INTEREST
The defendant also argues that the appeal should be dismissed because the plaintiff has not in his motion for appeal from probate set forth (1) the nature of his interest, and (2) the adverse effect, if any, of the probate court's decision on that interest. Sacksell v. Barrett, 132 Conn. 139, 147 (1945);Exchange Buffet Corp. v. Rogers, 139 Conn. 374, 377 (1952).Rogers held that in deciding this issue the court must confine itself to the allegations in the motion for the appeal. The appellant cannot rely on the probate records if they have not been annexed to the motion for appeal. Id. 377. The probate records were not attached to the motion in this case. CT Page 2613
In Rogers the appellants alleged they were legatees and an assignee of legacies under a will and that as such they had a pecuniary interest in the estate. They claim they were aggrieved by the probate court's removal of one of the executors. In this context the court held that such allegations are insufficient "because they do not show how the pecuniary interest of the plaintiff is affected to their disadvantage and why they are `aggrieved.'" 139 Conn. at page 377. That is clear in light of the bare boned allegations. Interestingly, in light of the issue as presented in this case, the court in Sacksell noted that the plaintiff conceded that "his claim as surviving husband and sole heir [was] barred but went on to claim that the appeal should not be dismissed because he was "also aggrieved as a legatee" under an earlier will. 132 Conn. at p. 145. It is in that context that the court went on to rule that insofar as he merely claimed he was a legatee the motion for appeal did not properly set forth the aggrievement. 132 Conn. at pp. 146-47.
In this case the motion for appeal alleges the plaintiff Steven Rindos is an heir at law of the deceased and states he was aggrieved by the admission to probate of the decedent's will and the appointment of Mr. Solomon as executor. Mr. Rindos does not make his claim as a legatee. As the court said in Ciglar v.Finklestone, 142 Conn. 432, 435 (1955):
 Manifestly, an heir at law of a decedent has an interest in the decedent's estate . . . Since the existence of a will ordinarily requires the distribution of an estate in a manner different from that prescribed by the Statute of Distributions, under which an heir at law would take, the admission of a will to probate at least prima facie affects adversely the interest of an heir at law. It follows that in an appeal from the admission of a will to probate an allegation in the motion for appeal that the appellant is an heir at law is adequate to satisfy the requirement of § 7075 that the interest of the appellant which has been adversely affected be set forth . . .
Luciano v. Choszczyk, 165 Conn. 24, 25 (173) explicitly followedCiglar and reversed the trial court's erasure of the appeal in which the trial court said the "mere statement that the appellate is aggrieved without supporting allegations as to the particular nature of the aggrievement, is insufficient." The court followed CT Page 2614Ciglar and said where there was an appeal from the admission of a will to probate "an allegation that an appellate is an heir-at-law is a sufficient statement of the appellant's interest to satisfy the predecessor of General Statutes § 45-293 that the interest of the appellant which has been adversely affected be set forth." Id. Page 25.
Ciglar and Luciano are not aberrations to the rule set forth in Rogers and Sacksell as the defendant maintains but simply hold that where there is an appeal of the admission of a will to probate by an heir at law, given the Statute of Distributions, the mere statement of these allegations indicates the interest of the appellant and sets forth a prima facie statement as to how that interest will be adversely affected.
The Motion to Dismiss is denied.
CORRADINO, J.